COMMONWEALTH *vs.* JOHN DAVID ROYSTER. March 24, 1983. Following return of a verdict by a jury convicting the defendant of several crimes, including armed robbery, his lawyer received a telephone call from a juror. The caller said, in substance, that she had been bullied by her fellow jurors into voting for a finding of guilty but that she felt in her heart then, and continued so to feel, that the defendant was not guilty. In addition to complaining that she had been presssured during deliberations, the juror also mentioned that, in disregard of the trial judge's instructions, members of the jury had discussed the case before them during recesses. Defense counsel at once reported the conversation to the trial judge. Contrary to the recommendation in *Commonwealth* v. *Fidler,* 377 Mass. 192, 203 (1979), the juror's information was not brought to the attention of the judge by affidavit. The judge conducted an interview of the juror in the presence of counsel. That interview elicited no claim of influence upon the juror other than intimidation by the other members of the jury and her distress that some jurors talked about the case prior to the commencement of deliberations.

Before he began the interview the judge had invited a motion for a new trial. The resulting motion stated as grounds that "[the defendant] has not been convicted by twelve jurors and instructions were not followed regarding procedure of deliberations."

From his observations during the course of the interview of the juror it is apparent that the trial judge recognized that under *Commonwealth* v. *Fidler, supra,* and *Commonwealth* v. *Scanlan,* 9 Mass. App. Ct. 173, 182-184 (1980), no jury misconduct had been exposed which would warrant setting aside the verdict. Those decisions emphasize that the interior workings of a jury are not to be subject to postverdict examination. Only external factors, such as publicity during trial, unauthorized views or other investigation of facts by a juror, facts communicated by a third party, discussions between a juror and a nonjuror, or production of evidence by a juror not adduced by either party may be the basis for probing the impartiality of a jury verdict. *Commonwealth* v. *Scanlan, supra,* at

183-184, and cases cited. The judge, however, expressed his concern about the psyche of the defendant; that the defendant should know he was in prison "because [he] belong[s] there;" and whether it was wise to permit a prisoner to harbor the doubt likely to be induced by a report that eleven jurors had overborne the twelfth to come to a unanimous verdict. As to that question, the judge said he would reflect and, upon reflection, allowed the motion for a new trial "in the exercise of this court's discretion, it appearing that substantial justice may not have been done." This was error.

No grounds for a new trial were advanced other than those based on the report of the juror who felt she had been intimidated by the other jurors. In *Scanlan* we said that testimony of a juror concerning jury deliberations — insofar as they are not infected by external influences — may not be received by the trial judge. That presupposed an affidavit outlining what the dissident juror proposed to say. When, as here, the preferred procedure has not been followed and the judge, therefore, does not have the benefit of an affidavit, it may be necessary to probe enough to learn whether any external influences have come to bear. Once the judge has determined that there are none, under our cases whatever the juror said should be disregarded and does not form the basis for the exercise of discretion to set aside the jury's verdict. The reasons were extensively discussed in *Commonwealth* v. *Fidler*, 377 Mass. at 195-196, 199, 201, and further commented upon in *Commonwealth* v. *Scanlan*, 9 Mass. App. Ct. at 184. We do not belabor them here. The order allowing a new trial is reversed and the judgment of conviction is to stand.

*So ordered.*

*Pamela L. Hunt*, Assistant District Attorney, for the Commonwealth.
*Lawrence R. Glynn* for the defendant.