COMMONWEALTH *vs.* JOSEPH S. SAUNDERS. May 23, 1985. *Jury and Jurors. Practice, Criminal,* Deliberation of jury.

Some six days after she had joined in a verdict that convicted the defendant, Saunders, of unlawful possession of a firearm, upon which Saunders was sentenced, the juror Mary Adams happened to encounter Saunders' counsel. She told him that she thought the jury were "rushed" and that she had reservations about the justice of the verdict.

Counsel apparently communicated with the trial judge.[1] A subpoena issued for Adams' appearance, and shortly the judge presided at a hearing at which Adams testified under questioning by defense counsel and the prosecutor. Adams said the jury were rushed in the sense that a few of the jurors were anxious to leave. She said, in effect, that she had had second thoughts about the case, but she had not been coerced in voting to convict and she was not now prepared to say that the defendant was innocent. She testified, further, that while the jury were deliberating in the jury room, a man entered, said it was raining and he was going out to lunch, walked to a file cabinet, drew out an umbrella, and left. That was all he said. She did not know the man. He was not in uniform. She did not recognize him as having any role in the case. Evidently his appearance did not figure in the supposed impatience of members of the jury. The judge with brief memorandum allowed a defense motion for a new trial. The Commonwealth appeals. We reverse.

In ruling as he did, the judge assigned no weight to Adams' testimony about the jury's being rushed and about Adams' own ruminations. This was surely correct; indeed jurors are barred even from giving evidence about the interna of the jury's deliberations or the mental processes of any juror. So we learn from the leading case of *Commonwealth* v. *Fidler*, 377 Mass. 192, 196 (1979). See also *Commonwealth* v. *Scanlan*, 9 Mass. App. Ct. 173, 184 (1980). On the other hand, *Fidler* holds (at 196-200) that extraneous information coming to the jury's attention, or an outside influence brought to bear upon any juror, may taint a verdict,[2] and the jurors themselves are competent to testify to those matters. See also Fed.R.Evid. 606(b). In such cases the judge decides whether in the proved circumstances the misconduct or mischance (testified to by jurors or other persons) would have so prejudicial a tendency on a hypothesized average jury as to warrant overthrowing a verdict, see *Fidler* at 201, and in answering the question the

---

[1] It is suggested in *Commonwealth* v. *Fidler,* 377 Mass. 192, 203 (1979), that the better practice, where possible, is to put the initial communication to the judge in affidavit form. On this basis the judge in discretion can decide whether a substantial issue is presented requiring an evidentiary hearing. See *Commonwealth* v. *Stewart,* 383 Mass. 253, 260 (1981); *Commonwealth* v. *Healy,* 393 Mass. 367, 391 (1984); *Commonwealth* v. *Ciminera,* 11 Mass. App. Ct. 101, 107 (1981). Cf. *Commonwealth* v. *Saarela,* 15 Mass. App. Ct. 403, 406-407 (1983).

[2] Constitutional rights to jury trial and of confrontation and due process may ultimately be involved.

judge is allowed a certain range of discretion that ought to be respected on appellate review. See *Commonwealth* v. *Harrison*, 368 Mass. 366, 374 (1975); *Commonwealth* v. *Jackson*, 376 Mass. 790, 800-801 (1978); *Cassamasse* v. *J.G. LaMotte & Son*, 391 Mass. 315, 318-319 (1984).

The judge could rest his decision herein only upon Adams' testimony about the intrusion of an unidentified man. No further inquiry among the other jurors, court officers, or bystanders was suggested by counsel or undertaken by the judge on his own motion. True it is that the occurrence was irregular and suggested a breakdown of the usual precautions that are taken to insulate juries. We think, however, that the judge was mistaken in thinking (as his memorandum indicates) that because the precise effect on a jury of the particular happening could not be assessed, prejudice must be assumed to the point of justifying the undoing of a conviction otherwise well founded. Although the decision no doubt followed from a delicate scruple on the part of the judge, it was not realistic: in all likelihood the prejudice would be nil, and certainly not such as to impeach the stability of a criminal judgment. Nor could the judge's decision be defended as lying somewhere at the edge of discretion. Cf. *Woodward* v. *Leavitt*, 107 Mass. 453, 460 (1871); *Commonwealth* v. *Royster*, 15 Mass. App. Ct. 970, 971 (1983). The result did not square with decisions in comparable cases of casual invasions of jury rooms,[3] and was miles apart from the better known situations of the communication of consequential nonrecord facts to jurors,[4] or of jurors undertaking surreptitious private views of the scenes of action.[5] We can say on the record beyond a reasonable doubt that no prejudice or material tendency toward prejudice was shown. See *Fidler*, 377 Mass. at 201. Accordingly, the order allowing a new trial is vacated and the conviction is reinstated.

*So ordered.*

*Paul J. McCallum,* Assistant District Attorney, for the Commonwealth.
*Carole A. Z. Root* for the defendant.

---

[3] See *United States* v. *Lubrano,* 529 F.2d 633, 638 (2d Cir. 1975); *United States* v. *Luciano,* 734 F.2d 68, 71 (1st Cir. 1984); *Harris* v. *Commonwealth,* 315 S.W. 2d 630, 633 (Ky. 1958); *State* v. *Buffa,* 51 N.J. Super. 218, 238-239 (1958); *State* v. *Billups,* 301 N.C. 607, 616-617 (1981); *Drummer* v. *State,* 366 P.2d 20, 25-26 (Wyo. 1961); with which compare *Turner* v. *Louisiana,* 379 U.S. 466, 474 (1965); *United States* v. *Freeman,* 634 F.2d 1267, 1269-1270 (10th Cir. 1980).

[4] See *Commonwealth* v. *Hunt,* 392 Mass. 28, 37-43 (1984); *United States ex rel. Owen* v. *McMann,* 435 F.2d 813, 815, 818-819 (2d Cir. 1970), cert. denied, 402 U.S. 906 (1971). Cf. *Commonwealth* v. *Tavares,* 385 Mass. 140, 155-156 (1982).

[5] See *Harrington* v. *Worcester, Leicester, & Spencer St. Ry.,* 157 Mass. 579, 582-583 (1893). Cf. *Commonwealth* v. *Jones,* 15 Mass. App. Ct. 692, 694-696 (1983).