COMMONWEALTH vs. MARC JONES.

Suffolk. May 2, 1989. — August 29, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Jury and Jurors. Practice, Criminal*, Jury and jurors, Deliberation of jury, Nonparticipating alternate juror.

A 1983 criminal conviction was reversed and the case remanded for a new trial under the precept of *Commonwealth* v. *Smith*, 403 Mass. 489, 497 (1988), where alternate jurors had been allowed to sit in the jury room with the deliberating jury and where the defendant's direct appeal was pending at the time the *Smith* case was decided. [661-662] WILKINS, J., concurring. NOLAN, J., dissenting. LYNCH, J., dissenting.

COMPLAINT received and sworn to in the Boston Municipal Court Department on March 14, 1983.

On appeal to the jury session, the case was tried before *Lawrence D. Shubow*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Stephen E. Dawley* for the defendant.

*Nijole Makaitis*, Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. The defendant appeals from his 1983 conviction by a jury in the Boston Municipal Court Department of stealing or receiving a stolen vehicle. G. L. c. 266, § 28 (*a*), as appearing in St. 1980, c. 463, § 4. The Appeals Court affirmed in an unpublished memorandum and order pursuant to Appeals Court Rule 1:28. 26 Mass. App. Ct. 1102 (1988). We granted further appellate review. Subsequent to the trial and to the decision of the Appeals Court, we decided, in *Commonwealth* v. *Smith*, 403 Mass. 489, 497 (1988), that it is reversible error to allow alternate jurors to sit in the jury room with the deliberating jurors.

The Commonwealth argues that *Smith* should not apply retroactively to this case. That issue was decided in *Smith*. We stated that "[t]he rule adopted today applies in cases that are pending on direct appeal or as to which the time for direct appeal has not expired on the date of this decision." *Id.* at 497 n.1. The Commonwealth also argues that *Smith* should not apply to this appeal because defense counsel failed to object to the judge's sua sponte decision to allow the alternate jurors to sit in the jury room during deliberations. In *Smith*, however, defense counsel (but not the defendant) failed to object and affirmatively agreed to the procedure. *Id.* at 493. We concluded in *Smith* that, "in view of the vital importance of the right to trial by a jury that is free from outside influence, and the potential for interference with that right, a defendant is not barred from contending on appeal that the presence of alternate jurors in the jury room during deliberations was reversible error even though defense counsel had agreed to that procedure." *Id.* at 495. Therefore, we reverse, and, as in *Smith*, we remand for a new trial. In light of this ruling, we need not consider the defendant's other claims of error.

> *Judgment of the Boston Municipal*
> *Court Department reversed.*
> *Verdict set aside.*

WILKINS, J. (concurring). I was not a member of the panel of this court that decided *Commonwealth* v. *Smith*, 403 Mass. 489 (1988). If I had been, I would have agreed with the court that alternate jurors should not sit in the jury room with deliberating jurors, but, in the absence of the defendant's objection to the procedure there followed and in the absence of any showing of prejudice, I would have concluded that no reversible error occurred.

Because within the past year a majority of this court has announced that an error of this nature is reversible error and because the defendant in *Commonwealth* v. *Smith* has, therefore, been granted a new trial, I join in the court's determination to reverse this defendant's conviction and remand the case for

a new trial. Consistency in the treatment of litigants calls for me to accept in this case the determination this court so recently made.

NOLAN, J. (dissenting). I dissent. For the reasons which I expressed in my dissent in *Commonwealth* v. *Smith*, 403 Mass. 489, 500 (1988), I dissent in this case because the court has reached an equally preposterous result on similar facts.

I regret that my brother, Justice Wilkins, has deemed it necessary to concur on the ground of consistency, which, as experience teaches, is often the last (and most seductive) refuge for error.

LYNCH, J. (dissenting). I share the view of Justice Wilkins that, in the absence of an objection and a showing of prejudice, no reversible error tainted the conviction in *Commonwealth* v. *Smith*, 403 Mass. 489 (1988). I do not, however, regard *Smith* as controlling, since this is the first opportunity for me to express my views on the issue. The fact that Smith was unnecessarily granted a new trial does not, in my mind, require that the same largess be granted to Jones.