COMMONWEALTH *vs.* PAUL SHEEHY.

Middlesex. November 7, 1991. - March 16, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Jury and Jurors. Practice, Criminal,* Jury and jurors, Deliberation of jury, Nonparticipating alternate juror. *Constitutional Law,* Trial by jury, Judiciary, General Court.

The rule of *Commonwealth* v. *Smith,* 403 Mass. 489 (1988), that the presence of alternate jurors in the jury room during deliberations is reversible error without regard to whether a defendant has objected or shown prejudice, although in conflict with the requirement of G. L. c. 234A, § 74, that there be an appropriate objection and a showing of prejudice in order for there to be reversible error, need not yield to the statute, where the application of § 74 to the requirement that alternates be kept separate from the jury would violate art. 12 of the Declaration of Rights of the Massachusetts Constitution and would intrude on the judicial domain in violation of art. 30 of the Massachusetts Declaration of Rights. [237-241] NOLAN, J., concurring in part and dissenting in part.

On appeal from a decision of a Superior Court judge allowing a criminal defendant's motion for a new trial in a murder case in which alternate jurors were present in the jury room during deliberations, this court considered and rejected the Commonwealth's arguments that the rule of *Commonwealth* v. *Smith,* 403 Mass. 489 (1988), is inconsistent with this court's holding in *Commonwealth* v. *Fidler,* 377 Mass. 192, 201 (1974); that this court should look to the law of other jurisdictions on this issue; and that the rule of *Smith* should only be applied prospectively. [241]

INDICTMENT found and returned in the Superior Court Department on August 7, 1986.

The case was tried before *Thomas R. Morse, Jr.,* J., and a motion for a new trial was considered by *David M. Roseman,* J.

*Catherine E. Sullivan*, Assistant District Attorney (*Patricia Preziosa*, Assistant District Attorney, with her) for the Commonwealth.

*Nona E. Walker*, Committee for Public Counsel Services, for the defendant.

LIACOS, C.J. Once again, we review a trial in which alternate jurors were present in the jury room during deliberations. In *Commonwealth v. Smith*, 403 Mass. 489 (1988), and again in *Commonwealth v. Jones*, 405 Mass. 661 (1989), we held that it is reversible error to allow alternate jurors to sit in the jury room with deliberating jurors. We reaffirm the *Smith* rule in the present case.

The record before us presents these facts. The defendant, Paul Sheehy, was indicted for murder on August 7, 1986, see G. L. c. 265, § 1 (1990 ed.), and was tried in the Superior Court from September 8 to September 24, 1987. When the jury retired to the jury room for deliberations, three alternate jurors accompanied them. The alternate jurors sat in chairs against a wall, while members of the jury sat around a table. They did not participate in any of the jurors' discussions but were close enough to hear the speakers; they were also present during the jurors' vote on the verdict. On September 24, 1987, the jury returned a verdict of guilty on the charge of murder in the first degree, and the defendant was sentenced to life in prison. See G. L. c. 265, §§ 1, 2.

After our decision in *Smith*, the defendant filed a motion for a new trial, which a Superior Court judge granted.[1] The Commonwealth has appealed from this decision, arguing that we should abandon or revise the *Smith* rule. We decline to do so. We affirm the grant of a new trial.

---

[1] We held in *Smith* that the rule adopted therein would apply "in cases that are pending on direct appeal or as to which the time for direct appeal has not expired on the date of this decision." *Commonwealth v. Smith*, 403 Mass. 489, 497 n.1 (1988). On the date of the *Smith* decision, the defendant's appeal had been entered in this court, but the appeal had not been heard. He filed his motion for a new trial with this court. A single justice of this court remanded the motion to the Superior Court, where a judge held hearings (the trial judge having retired) and granted the motion.

1. *G. L. c. 234A, §§ 68, 74 (1990 ed.).* We focus on the one argument raised by the Commonwealth that was not before us in *Smith* and *Jones*, that is, the contention that the *Smith* rule conflicts with G. L. c. 234A, § 74,[2] and must yield to the statute.[3] According to G. L. c. 234A, § 68, alternate jurors must be kept separate from the jury unless the parties have agreed otherwise.[4] Pursuant to § 74, a violation of the chap-

---

[2]The Commonwealth did not raise the issue in its brief in opposition to the motion for a new trial, nor did it raise the issue during the motion hearings. We need not consider an argument which urges reversal of a trial court's ruling when that argument is raised for the first time on appeal. See, e.g., *Commonwealth* v. *Pares-Ramirez*, 400 Mass. 604, 609 (1987), and cases cited. Nevertheless, as the issue has been fully briefed and argued, we choose to confront the argument in order to underscore the basis of the *Smith* rule.

[3]Section 68 did not apply to the trials reviewed in *Smith* and *Jones*. Chapter 234A was inserted by St. 1982, c. 298, § 1, but it became applicable county by county and section by section over time, pursuant to orders of this court. See G. L. c. 234A, § 1. The *Smith* trial took place in August, 1985, in Norfolk County; c. 234A, § 68, became effective in that county on January 1, 1986. The *Jones* trial occurred in November, 1983, in Suffolk County; c. 234A, § 68, became effective in Suffolk County on January 1, 1984. The law applicable in *Smith* and *Jones* did require that alternate jurors be kept separate from the jury during deliberations, but it did not allow for a waiver of the rule nor did it contain provisions as broad as those provided in G. L. c. 234A, § 74. See discussion, *infra*; Mass. R. Crim. P. 20 (d) (2), 378 Mass. 889 (1979).

Chapter 234A was applicable to Middlesex County during the defendant's trial in 1987. See G. L. c. 234A, § 1 (establishing Middlesex County as a participating county as of the effective date of the chapter).

[4]Section 68 reads in pertinent part:

"In every twelve-person jury case, the court shall impanel at least two additional jurors. . . . Alternate jurors shall not be identified until immediately prior to jury deliberations in accordance with the following. If, at the time of the submission of the case by the court to the jury for its deliberations upon a verdict, more than the number of jurors required for deliberation are available, the court shall direct the clerk to place the names of all of the available jurors except the foreperson into a box or drum and to select at random the names of the appropriate number of jurors necessary to reduce the jury to the proper number of members required for deliberation in the particular case. The jurors so selected shall not be discharged, but shall be known as alternate jurors. *The alternate jurors shall be kept separate from the jury in some convenient location, subject to the same rules and procedures as govern the jury during its deliber-*

ter's provisions (e.g., § 68) is not reversible error unless there has been an appropriate objection and a showing of prejudice.[5] In *Smith*, by contrast, we explicitly held that the presence of alternate jurors in the jury room during deliberations is reversible error without regard to whether a defendant has objected or shown prejudice. See *Smith, supra* at 495, 496-497. Thus, the conflict between § 74 and the *Smith* rule concerns the proper response to violations of the requirement that alternate jurors be separated from the jury.

The requirement that alternates not sit with deliberating jurors ensures a constitutionally guaranteed fair jury trial. Article 12 of the Declaration of Rights of the Massachusetts Constitution guarantees the right to trial by jury in criminal cases. *Opinion of the Justices*, 375 Mass. 795, 818 (1978). "Proper respect for the right to jury trial . . . dictates judicial vigilance to ensure, in so far as reasonably possible, that jury deliberations are conducted privately and without extraneous

---

ations, until the jury has agreed upon a verdict or has been otherwise discharged" (emphasis added).

Rule 20 (d) (2) was in effect at the time of *Smith* and *Jones*, as well as the time of the trial of this case. It provides:

"If at the time of the final submission of the case to the jury more than twelve members of the jury who have heard the whole case are alive and not incapacitated or disqualified, the judge shall direct the clerk to place the names of all the remaining jurors except the foreman in a box and draw the names of a sufficient number to reduce the jury to twelve members. *Those jurors whose names are drawn shall not be discharged, but shall be known as alternate jurors and shall be kept separate and apart from the other jurors in some convenient place, subject to the same rules and regulations as the other jurors, until the jury has agreed upon a verdict or has been otherwise discharged*" (emphasis added).

[5]Section 74 reads in pertinent part:

"[A]ny irregularity in qualifying, selecting, summoning, confirming, postponing, excusing, cancelling, instructing, impanelling, challenging, discharging, or managing jurors; . . . or any defect in any procedure performed under this chapter shall not be sufficient to cause a mistrial or to set aside a verdict unless objection to such irregularity or defect has been made as soon as possible after its discovery or after it should have been discovered and unless the objecting party has been specially injured or prejudiced thereby."

influence." *Smith, supra* at 493. Minor invasions of the jury's privacy, while regrettable, do not impinge upon the right. See, e.g., *Commonwealth v. Saunders,* 20 Mass. App. Ct. 917 (1985) (no new trial when person entered jury room, stated that it was raining, retrieved umbrella, and left). The presence of alternate jurors in the jury room, however, is not a minor invasion of the jury's privacy. The alternate jurors, whose own views may be influenced by their lack of responsibility for the verdict, may influence the jurors. Even if the alternates do not speak, their presence alone might inhibit some jurors from speaking freely.[6] See *Smith, supra* at 494-495, citing *State v. Cuzick,* 85 Wash. 2d 146, 149 (1975); and *People v. Valles,* 24 Cal. 3d 121, 131 (1979) (Mosk, J., dissenting). In order to protect the constitutional right to trial by jury, we have held that the presence of alternate jurors in the jury room during deliberations is an intolerable invasion of the jury's privacy that requires reversal.[7] See *Smith, supra* at 497; *Jones, supra* at 662.

If we were to accept the Commonwealth's argument that G. L. c. 234A, § 74, should be applied to the requirement that alternate jurors be kept separate from jurors, we would be required to overlook two fatal flaws in such a principle. First, in cases where a defendant has made no objection or been unable to prove prejudice, G. L. c. 234A, § 74, instructs

---

[6]The only way to disprove our assumptions would be to inquire into the jurors' subjective mental processes. See *Smith, supra* at 499 (Abrams, J., concurring). Such an inquiry is forbidden. *Id.* See *Commonwealth v. Fidler,* 377 Mass. 192, 198 (1979); *Woodward v. Leavitt,* 107 Mass. 453, 460 (1871).

[7]We reiterate what we stated in *Smith, supra* at 494: "The critical fact to be recognized in this case is that 'alternate jurors,' as long as they remain alternates, really are not jurors. When they attend jury deliberations they do so as mere strangers."

As in *Smith,* we do not confront the issue whether a defendant personally may agree to the presence of alternate jurors in the jury room during deliberations. See *Smith; supra* at 495. We note that in *Smith* the defendant's trial counsel and the prosecutor agreed to the procedure pertaining to the alternate jurors sitting with the deliberating jurors. No such agreement was made in this case, although the defendant's trial counsel raised no objection.

a court to overlook the presence of alternates in the jury room. This instruction permits an invasion of the jury's privacy that is incompatible with the constitutional right to trial by jury. "[W]hatever impairs the essentials of the right to jury trial must be struck down." *Commonwealth* v. *Foster*, 411 Mass. 762, 765 (1992), citing *Commonwealth* v. *Bellino*, 320 Mass. 635, 639, cert. denied, 330 U.S. 832 (1947). To hold that G. L. c. 234A, § 74, be applied to the requirement that alternates be kept separate from the jury would violate art. 12.

Second, the application of § 74 to the rule requiring separation of jurors and alternate jurors would intrude on the judicial domain in violation of art. 30 of the Massachusetts Declaration of Rights.[8] It is the judiciary's role to be the final arbiter of the essence of the rights guaranteed by our State Constitution. See, e.g., *Opinions of the Justices*, 387 Mass. 1201, 1206 (1982) (provision in school prayer bill stating that bill does not establish religion invades judicial province); *Sears* v. *Treasurer & Receiver Gen.*, 327 Mass. 310, 321 (1951) ("The question whether or not the requirements of the Constitution have been observed and a valid law has been enacted is a justiciable question to be determined in the last analysis by the judicial department of the government whenever the question arises in a proper proceeding in court"). If, as the Commonwealth claims, there is a legislative intent to excuse through § 74 the violation of the rule requiring separation of alternate jurors and jurors, then it would be clear that the Legislature attempted to define the bounds of the constitutional right to trial by jury. Article 30 prohibits the Legislature from performing this judicial function. It is the exclusive function of the judiciary to determine

---

[8]Article 30 of the Massachusetts Declaration of Rights reads as follows:
"In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

in what circumstances, if any, the right to trial by jury can countenance the presence of alternate jurors in the jury room during deliberations. We made this determination in the *Smith* case. Under art. 30, the Legislature may not supplant our decision.

2. *Arguments addressed in* Smith *and* Jones. We review briefly the Commonwealth's remaining arguments, all of which we considered in *Smith* and *Jones*. The Commonwealth argues that the *Smith* rule is inconsistent with our holding in *Commonwealth* v. *Fidler*, 377 Mass. 192, 201 (1979), which allows the Commonwealth an opportunity to prove that an extraneous influence on the jury is not prejudicial. There is no conflict. In the particular case of alternate jurors, the Commonwealth can never prove lack of prejudice under the *Fidler* test, because "the probable effect of the extraneous facts on a hypothetical average jury," *Fidler, supra* at 201, is always an intolerable interference with the jury's decision-making process. See discussion, *supra.* The Commonwealth does contend that the defendant was not prejudiced by the presence of alternate jurors in the jury room. Its attempt to support this assertion only convinces us further that it is impossible to determine conclusively that their presence, body language, or facial expressions had no effect on the jury without inquiring into the subjective mental processes of the jurors, a query we cannot permit. See *Fidler, supra* at 198. See also *Smith, supra* at 499 (Abrams, J., concurring). The Commonwealth next asks us to look to the law of other jurisdictions on this issue, but we have done this in *Smith* and formulated our rule in light of our study. The Commonwealth also argues that we only should apply the *Smith* rule prospectively. We have considered this issue twice before and stand by our determination that the rule applies to cases pending on direct appeal or for which the time for direct review had not expired on the date *Smith* was issued. See *Smith, supra* at 497 n.1; *Jones, supra* at 662.

3. *Conclusion.* The allowance of the motion for a new trial is affirmed.

*So ordered.*

NOLAN, J. (concurring in part and dissenting in part). For all the reasons which I advanced in *Commonwealth v. Smith*, 403 Mass. 489, 500 (1988) (Nolan, J., dissenting), and in *Commonwealth v. Jones*, 405 Mass. 661, 663 (1989) (Nolan, J., dissenting), I am again disturbed by the court's reversal of a judgment of conviction simply because the alternate jurors were present in the jurors' deliberation room. This defendant is entitled to the benefits of *Smith* and *Jones*, but for the future, we should require a showing of prejudice before reversing a conviction on the ground that the alternate jurors were present during the deliberations of the jury.