Duffly, J.
(dissenting, with whom Lenk, J., joins). It is, as the court notes, “well settled that the violation of a defendant’s right to a public trial is structural,” ante at 857, and that the public trial right under the Sixth Amendment to the United States Constitution applies as much to jury empanelment as to “the actual proof at trial.” Presley v. Georgia, 558 U.S. 209, 212 (2010). Today’s decision effectively forecloses vindication of this constitutional right on collateral review, even in cases where trial counsel has rendered constitutionally deficient performance in failing to object when the court room was closed, and neither the defendant nor his counsel knowingly waived his right to a public trial.[1] See Commonwealth v. Lavoie, 464 Mass. 83, 88-89, cert. denied, 133 S. Ct. 2356 (2013). Notwithstanding the absence of *861 a waiver of the public trial right in this case, the court holds that the defendant is foreclosed from seeking relief because he procedurally waived his claim of error when his trial attorney failed to object, and his appellate counsel did not raise the claim on direct appeal. See id. at 87 n.8 (distinguishing between waiver of right and waiver of claim of error); Commonwealth v. Deeran, 397 Mass. 136, 140-142 (1986) (noting distinction between “a procedural waiver of [defendant’s] right to assert a constitutional claim” in postconviction motion, and the knowing and intelligent “relinquishment of the constitutional right” [emphasis in original]).
As the court notes, the defendant did not raise the claim that his public trial right was violated until his third postconviction motion. The court recognizes that counsel’s failure to object was constitutionally deficient performance, but nonetheless affirms the denial of the defendant’s claim of structural error by invoking concepts of finality and judicial efficiency to support what it describes to be “our well-established waiver jurisprudence that ‘a defendant must raise a claim of error at the first available opportunity.’ ” Commonwealth v. Morganti, 467 Mass. 96, 102 (2014), quoting Commonwealth v. Randolph, 438 Mass. 290, 294 (2002). I respectfully disagree that the principles of finality and judicial efficiency must be invoked. Where, as here, the court room was closed without a determination that such closure was justified according to Waller v. Georgia, 467 U.S. 39, 46 (1984) (Waller), a defendant has not waived his constitutional right to a public trial, and defense counsel provided ineffective assistance by failing to object,[2] I would invoke the principle that “every right, when withheld, must have a remedy.” Marbury v. Madison, 5 U.S. (1 Cranch) 137, 163 (1803).
Under the court’s analysis, henceforth, in any case in which trial counsel fails to object to a court room closure, either because *862 of a lack of experience or knowledge, or other “serious incompetency, inefficiency, or inattention,” Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), a defendant will have no meaningful opportunity to raise such a claim on collateral review.[3] This is necessarily so because, in order to obtain relief, a defendant would need to show either (1) that his procedurally waived claim of error resulted in a substantial risk of a miscarriage of justice, which requires a showing of prejudice, see Commonwealth v. Randolph, 438 Mass. 290, 298 (2002), or (2) that his counsel’s representation was constitutionally ineffective, which also requires a showing of prejudice.[4] But the very nature of a right to which presumptive prejudice attaches — such as the right to an open court — is that a showing of prejudice is not possible. See *863 Waller, supra at 49 n.9, quoting United States ex rel. Bennett v. Rundle, 419 F.2d 599, 608 (3d Cir. 1969) (“a requirement that prejudice be shown would ‘in most cases deprive [the defendant] of the [public-trial] guarantee, for it would be difficult to envisage a case in which he would have evidence available of specific injury’ ”). It is nonsensical to impose upon a defendant the requirement to establish that trial counsel’s failure deprived him of an otherwise available substantial line of defense where the structural nature of the public trial right makes such a showing impossible in practice.[5]
Requiring that prejudice be shown in these circumstances disregards the fundamental purpose of the right to a public trial. The violation of the public trial right is structural error that “require[s] automatic reversal without a showing of actual harm,” because it “necessarily renderfs] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.” Commonwealth v. Petetabella, 459 Mass. 177, 183 (2011), quoting Commonwealth v. Hampton, 457 Mass. 152, 163 (2010). See Commonwealth v. Cohen, 456 Mass. 94, 118-119 (2010) (where jury selection procedure violated public trial right, error was structural and therefore no inquiry conducted “as to whether it prejudiced the defendant”); Commonwealth v. Marshall, 356 Mass. 432, 435 (1969) (reversing conviction based on violation of right to public trial, and holding “showing of prejudice is not necessary”). This is because the benefits of a public trial, while significant, are nonetheless “frequently intangible, difficult to prove, or a matter of chance, [but] the Framers plainly thought them nonetheless real.” Waller, supra at 49 n.9. See Commonwealth v. White, 85 Mass. App. Ct. 491, 496 (2014) (“A closure during jury selection undermines the values of openness because the public loses the opportunity for assurance that those chosen to *864 decide the defendant’s guilt or innocence will do so fairly”); Commonwealth v. Downey, 78 Mass. App. Ct. 224, 229 (2010) (“Because we place such value on the right to public trial and because it is virtually impossible to demonstrate concrete harm flowing from a violation of that right, a violation relieves the defendant of the need to show prejudice in order to obtain a new trial”).
As structural error, the violation of the right to a public trial is in a category distinct from trial errors, such as the improper admission of evidence, from which specific harm may be seen to flow. Structural errors stand apart from trial errors because structural errors “affect[ ] the framework within which the trial proceeds” and thereby “defy analysis by ‘harmless-error’ standards,” whereas trial errors “occur during the presentation of the case to the jury,” and “may therefore be quantitatively assessed in the context of other evidence presented.” Arizona v. Fulminante, 499 U.S. 279, 291, 307-308, 309-310 (1991). Because a structural defect affects the framework in which a trial proceeds, looking for prejudice flowing from structural error is “a speculative inquiry into what might have occurred in an alternate universe.” United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006). See State v. Lamere, 327 Mont. 115, 124 (2005) (structural defects are presumptively prejudicial because they “cannot be qualitatively or quantitatively weighed against the admissible evidence introduced at trial”).
The court diminishes the significance of the public trial right when it concludes that finality trumps a defendant’s right to seek a postaffirmance remedy for an unpreserved public trial claim, a conclusion we have not reached for other unpreserved claims of error. Notably, we have granted a new trial on collateral review without requiring a showing of prejudice, twenty years after the conviction, where a defendant raised an unpreserved claim of error implicating a structural defect in jury instructions. See Commonwealth v. Pinckney, 419 Mass. 341, 342, 349 (1995).[6] And, although a defendant who raises an unpreserved claim of *865 error implicating his public trial right is now effectively foreclosed from collateral review, a defendant who raises an unpreserved trial error retains the possibility of reversal if he can show that the error resulted in a substantial risk of a miscarriage of justice. See, e.g., Commonwealth v. Gilbert, 447 Mass. 161, 163 (2006); Commonwealth v. Thomas, 401 Mass. 109, 119 (1987); Commonwealth v. Callahan, 380 Mass. 821, 826 (1980); Commonwealth v. Palmarin, 378 Mass. 474, 477 (1979). Permitting relief for unpreserved trial errors and some unpreserved structural errors, but not for errors implicating the public trial right, introduces unjustified disparity into our jurisprudence. See Commonwealth v. Dyer, 460 Mass. 728, 735 n.7 (2011), cert. denied, 132 S. Ct. 2693 (2012) (rejecting option that “would give less protection to waived constitutional rights than to ordinary claims of unpreserved errors”). Cf. Burns, Insurmountable Obstacles: Structural Errors, Procedural Default, and Ineffective Assistance, 64 Stan. L. Rev. 727, 749-750 (2012) (allowing relief for unpreserved trial errors but foreclosing relief for unpreserved structural errors “would be absurd if the Court were to come right out and say that this is the rule, given the general agreement. . . that most structural errors are quite serious”).
The court looks to Francis v. Henderson, 425 U.S. 536, 542 (1976),[7] and Purvis v. Crosby, 451 F.3d 734, 743 (11th Cir.), cert. *866 denied sub nom. Purvis v. McDonough, 549 U.S. 1035 (2006), for support, but these cases rely on comity concerns in the context of conducting Federal habeas review of a State conviction.[8] Concerns of comity are wholly inapplicable here.[9] See Commonwealth v. Sylvain, 466 Mass. 422, 433 n.16 (2013) (“Comity refers to the [United States] Supreme Court’s policy against excessive interference by Federal habeas courts in State criminal convictions that had become final,” and has “little application to collateral review by State courts themselves”). Where comity concerns are inapplicable, this court, the United States Court of Appeals for the First Circuit, and some courts in other jurisdictions have not required a showing of prejudice to reverse a conviction on collateral review based on an unpreserved claim of structural error. See Owens v. United States, 483 F.3d 48, 64 (1st Cir. 2007); Littlejohn v. United States, 73 A.3d 1034, 1043 (D.C. 2013);[10] Commonwealth v. Pinckney, supra at 342, 349.
*867 I agree with the analysis in Owens v. United States, supra; Johnson v. Sherry, 586 F.3d 439, 447 (6th Cir. 2009), cert. denied, 131 S. Ct. 87 (2010); and Littlejohn v. United States, 73 A.3d at 1043. Each of these cases rejects the proposition that Strickland requires that a defendant must establish prejudice in order to prevail on an ineffective assistance claim in all but the three circumstances listed in Strickland. As the Court of Appeals for the District of Columbia stated in Littlejohn v. United States, supra at 1043:
“The Supreme Court’s discussion of three instances in which the violation of the Sixth Amendment right to counsel is presumptively prejudicial — (1) actual or constructive denial of counsel; (2) state interference with counsel’s assistance; and (3) counsel operating under a conflict of interest, Strickland, [supra at 692] — is not necessarily an exclusive list of the rare occasions when prejudice may be presumed. Requiring [a defendant] to prove actual prejudice as a result of trial counsel’s waiver of his public trial right would be inconsistent with the [United States] Supreme Court’s holdings that prejudice is presumed when the constitutional error is a structural defect, one that ‘infect[s] the entire trial process.’ Brecht v. Abrahamson, [507 U.S. 619, 630 (1993)]; see also Gonzalez-Lopez, [548 U.S. at 148-149]; Sullivan [v. Louisiana, 508 U.S. 275, 281 (1993)]; Arizona v. Fulminante, [499 U.S. at 309-310], If it is impossible to identify the prejudice resulting from a structural defect, it is likewise impossible to determine whether counsel’s waiver of such a ‘basic protection,’ like the public trial guarantee, ‘had no effect on the judgment.’ Strickland, [supra at 691].” (Footnote omitted.)
The court also cites with approval a concern articulated by another State appellate court that “counsel can harbor error as an appellate parachute by failing to object to the closure of trial, thereby depriving the trial court of the opportunity to correct the error at the time it occurs.” People v. Vaughn, 491 Mich. 642, 673-674 (2012). I do not accept the court’s assumption that a defendant’s trial counsel, who was aware of the removal of the defendant’s family members from the court room, would engage *868 in conduct that fails to respect the duty of zealous representation owed to a client. See Mass. R. Prof. C. 1.3 & comment 1A, 426 Mass. 1313 (1998). Cf. Littlejohn v. United States, supra at 1046 & n.2 (Pryor, J., dissenting), citing D.C. R. Prof. C. 1.3 comment 1 (2007). The court’s view rests on the assumption that appellate counsel could establish that trial counsel’s failure to object was not a tactical decision. Cf. Davis v. United States, 411 U.S. 233, 250 (1973) (Marshall, J., dissenting) (“a prisoner would properly be held to have intentionally relinquished his right to raise the constitutional claim if he failed to raise it for tactical reasons”).
For the foregoing reasons, I would conclude that prejudice should be presumed where there is a claim of ineffective assistance of counsel predicated on counsel’s failure to object to a court room closure, and respectfully dissent.

When a court room is closed but a defendant has waived his right to a public trial, there is no violation of the right. See Commonwealth v. Amirault, 424 Mass. 618, 649-650 (1997). The waiver of a right occurs only where a litigant *861 intentionally relinquishes that right. See Commonwealth v. Lavoie, 464 Mass. 83, 87, n.8, cert. denied, 133 S. Ct. 2356 (2013); Commonwealth v. Deeran, 397 Mass. 136, 140-142 (1986); Commonwealth v. Downey, 78 Mass. App. Ct. 224, 229-230 (2010).

There is no suggestion that either the defendant or his counsel intended to relinquish the public trial right because both the defendant and his counsel were unaware that the public trial right applied during jury empanelment. In such circumstances, where it is not consistent with the prevailing professional norms at the time of trial, the failure to object may constitute deficient performance falling below what is to be expected of an ordinary, fallible lawyer. See Commonwealth v. Morganti, 467 Mass. 96, 103 (2014), quoting Commonwealth v. Drew, 447 Mass. 635, 641 (2006), cert. denied, 550 U.S. 943 (2007).

The court’s decision to foreclose relief for unpreserved claims of error regarding the public trial right is limited to the context of collateral review in which this case arises. The decision rests on an interest in promoting finality, an interest which arises only after a conviction has been affirmed on direct appeal, see Commonwealth v. Amirault, 424 Mass. 618, 637 (1997), and does not address the question of possible remedies on direct appeal.

In circumstances such as those present here, the standard of review for ineffective assistance claims is not “essentially the same” as the standard of review for claims of unpreserved trial error. Compare Commonwealth v. Saferian, 366 Mass. 89, 96 (1974) (new trial where counsel’s deficient performance deprives defendant of otherwise available substantial ground of defense), with Commonwealth v. Amirault, supra at 646 (new trial where waived claim of error results in substantial risk of miscarriage of justice). In most circumstances, however, because application of either standard will lead to the same result, we review under the substantial risk of a miscarriage of justice standard and, in so doing, obviate the need to conduct a separate review under the Saferian standard. See, e.g., Commonwealth v. Azar, 435 Mass. 675, 686-687 (2002); Commonwealth v. Peters, 429 Mass. 22, 31 & n.12 (1999); Commonwealth v. Curtis, 417 Mass. 619, 624 n.4 (1994).
Here, by contrast, the circumstances are precisely those in which the substantial risk standard and the Saferian standard diverge. I agree that where a defendant raises a waived claim of error regarding the public trial right without asserting a claim of ineffective assistance of counsel, the defendant must establish a substantial risk of a miscarriage of justice, and will not be entitled to a presumption of prejudice. But I would hold that a defendant is entitled to a presumption of prejudice where a defendant raises an ineffective assistance of counsel claim and has established that, in failing to object to a court room closure, counsel’s performance fell below that of an ordinary, fallible attorney. The distinction between preserved and waived claims of error is therefore maintained: a defendant who has preserved a claim that his public trial right was violated is entitled to reversal, whereas a defendant who has waived the claim of error is not entitled to reversal unless he establishes that, in failing to object, his trial counsel’s performance fell below the standard of an ordinary, fallible lawyer.

The court states that it does not rule out the possibility that a defendant could show prejudice resulting from violation of the right to a public trial, ante at note 3, but a showing of prejudice is inconsistent with classification of the public trial right as structural. Moreover, the court does not suggest how a defendant might show such prejudice, and the effect of its holding is that there will be no “occasion to review” unpreserved claims of error predicated on the public trial right on collateral review. No other court that has considered this issue appears to have suggested that a showing of prejudice resulting from a court room closure would be possible. See, e.g., Purvis v. Crosby, 451 F.3d 734, 741 (11th Cir.), cert, denied sub nom. Purvis v. McDonough, 549 U.S. 1035 (2006); Reid v. State, 286 Ga. 484, 488 (2010); People v. Vaughn, 491 Mich. 642 (2012); State v. Butterfield, 784 P.2d 153, 157 (Utah 1989).

In the context of direct appeal, we have reversed convictions on the basis of unpreserved claims of error where we have recognized that a showing of prejudice would be impossible. See Commonwealth v. Sheehy, 412 Mass. 235, 238 (1992); Commonwealth v. Jones, 405 Mass. 661, 662 (1989); Commonwealth v. Smith, 403 Mass. 489, 493, 496-497 (1988). Although the error in these cases — alternate jurors sitting in on jury deliberations, without objection by trial counsel — was not labeled as “structural,” our decision in Commonwealth v. Smith, supra, preceded Arizona v. Fulminante, 499 U.S. 279, 291, *865 307-308, 309-310 (1991), apparently the first United States Supreme Court case to have categorized and labeled as “structural” those errors which “defy harmless-error analysis.” See Burns, Insurmountable Obstacles: Structural Errors, Procedural Default, and Ineffective Assistance, 64 Stan. L. Rev. 727, 732 (2012).

The court relies on Francis v. Henderson, 425 U.S. 536, 542 (1976) (Francis), to support its statement that “[t]he structural nature of the underlying error does not automatically excuse the defendant from showing prejudice when advancing an unpreserved claim.” In Francis, supra at 537-538, 542, the United States Supreme Court considered a State prisoner’s petition for Federal habeas corpus relief based on a claim of error for which prejudice was presumed; the Court denied relief because the State court had deemed the claim waived pursuant to its own procedural rules. The claim did not concern the public trial right, but, rather, concerned racial bias in the composition of the grand jury. The Francis opinion does not discuss the possibility of ineffective assistance of counsel (indeed the opinion predated Strickland v. Washington, 466 U.S. 668 [1984]), nor did it grapple with the issue that for certain types of error, it will be impossible for a defendant to show prejudice. See Francis, supra at 552 (Brennan, J., dissenting) (Francis Court’s imposition of requirement to show actual prejudice “without the slightest veneer of reasoning” shields the obvious); Owens v. United States, 483 F.3d 48, 64 n.14 (1st Cir. 2007) (explaining limited persuasive value of Francis).

The court also cites Virgil v. Dretke, 446 F.3d 598 (5th Cir. 2006), which likewise arose in the context of Federal habeas review of a State conviction. I disagree with the court’s view that the United States Court of Appeals for the Fifth Circuit concluded in that case that structural error is insufficient to warrant a presumption of prejudice in the context of an ineffective assistance of counsel claim. The circuit court determined that trial counsel rendered deficient performance in failing to object to the seating of two jurors who stated they would not be fair and impartial, and that the seating of such jurors sufficed to establish prejudice under the Strickland standard. Id. at 613-614. Having determined that counsel’s errors resulted in prejudice, the circuit court did not conduct a determinative analysis as to whether prejudice may be presumed for a claim of ineffective assistance of counsel predicated on structural error. The circuit court simply stated, “we do not hold that a structural error alone is sufficient to warrant a presumption of prejudice in the ineffective assistance of counsel context” (emphasis added). Id. at 607.

Even where comity concerns are applicable, some circuit courts of the United States Court of Appeals have presumed prejudice on a claim of ineffective assistance of counsel predicated on counsel’s failure to raise structural error at trial. See Winston v. Boatwright, 649 F.3d 618, 632 (7th Cir. 2011), cert, denied sub nom. Winston v. Tegels, 132 S. Ct. 2101 (2012) (prejudice presumed for ineffective assistance of counsel claim predicated on failure to object to structural error in jury selection); McGurk v. Stenberg, 163 F.3d 470, 474 (8th Cir. 1998) (presuming prejudice for ineffective assistance claim predicated on failure to inform defendant of right to jury trial).

With respect to consideration of other structural errors where comity concerns were inapplicable, courts have presumed prejudice on a claim of ineffective assistance of counsel predicated on counsel’s failure to raise such error at trial. See Savoy v. State, 420 Md. 232, 255-256 (2011) (prejudice presumed for structural error in instructions concerning reasonable doubt where defendant did not object at trial); State v. Lamere, 327 Mont. 115, 125 (2005) *867 (prejudice presumed for ineffective assistance claim predicated on structural error in jury selection).