STATE of Utah, Plaintiff and Appellee,

v.

Edison CROWLEY, Defendant and Appellant.

No. 870336.

Supreme Court of Utah.

Dec. 22, 1988.

John R. Bucher, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

DURHAM, Justice:

Defendant appeals from a conviction of forcible rape on the ground that he was denied his right to a public trial under the Utah and United States Constitutions.

After the jury was sworn and opening statements were made at defendant's trial, the State made a motion to exclude from the courtroom all spectators except a Rape Crisis Center worker. Asserting that the 15–year–old complainant was nervous and frightened, the State argued that the presence of her relatives and defendant's in the

courtroom would impair her ability to give testimony. The motion was based on Utah Code Ann. § 78–7–4 (1987), which provides:

> In an action of divorce, criminal conversation, seduction, abortion, rape, or assault with intent to commit rape, the court may, in its discretion, exclude all persons who are not directly interested therein, except jurors, witnesses and officers of the court; and in any cause the court may, in its discretion, during the examination of a witness exclude any and all other witnesses in the cause.

The motion was granted over defendant's objection on constitutional grounds, and the courtroom was cleared of all spectators, including defendant's relatives, during complainant's testimony.

The issue presented here is whether the exclusion of defendant's relatives and friends, pursuant to Utah Code Ann. § 78–7–4 (1987), constituted a denial of the right to a public trial under article I, section 12 of the Utah Constitution. Because our analysis of the state constitutional question is dispositive, we do not treat the sixth amendment issue under the federal constitution.

Public trials are integral to our system of criminal justice:

> The right is important to an accused since it provides certain safeguards against a miscarriage of justice. The presence of the public may keep the prosecution and judge within their proper bounds, or a member of the public may step forward to aid an accused where a witness for the prosecution has perjured himself, and an accused is entitled to the presence of family and friends when facing serious criminal charges.

*State v. Harding*, 635 P.2d 33, 35 (Utah 1981). In a long line of criminal cases beginning with *State v. Jordan*, 57 Utah 612, 196 P. 565 (1921), this Court has upheld an expansive view of the right to a public trial.

> The right [to a public trial] evolved out of the early history of the law when the courts of England, as well as in our own country prior to our Revolutionary War, refused to permit the accused, in many instances, to be publicly tried. The flagrant abuse of the courts of that early time undoubtedly impressed upon the founders of our form of government, both national and state, the necessity of making provision in our fundamental laws that all persons accused with the commission of public crime shall have a public trial. As to what constitutes a public trial in a given case has given rise to much legal discussion, and upon that important question the decisions of the courts are not altogether harmonious. It may be said, however, that this constitutional right has been jealously guarded and adhered to by both the federal and the state courts. Aside from the inherent power of every court, in rare instances, to exclude a part of the public, as in such extreme cases where its presence would interfere with the due and orderly procedure in the progress of the trial, or where the testimony is of such a character as to shock the sense of decency or tend to degrade the public morals, more especially those of the young, the exclusion of the public should be, and generally is, held to be violative of the constitutional rights of the accused.

*Id.* at 615, 196 P. at 566–67; *see also State v. Beckstead*, 96 Utah 528, 88 P.2d 461 (1939); *State v. Smith*, 90 Utah 482, 62 P.2d 1110 (1936); *State v. Bonza*, 72 Utah 177, 269 P. 480 (1928).

 A similar emphasis on the inherent value of public proceedings is found in this Court's treatment of the right of the public and the press to have access to court proceedings civil and criminal. *See generally Society of Prof. Journalists v. Bullock*, 743 P.2d 1166 (Utah 1987); *KUTV, Inc. v. Wilkinson*, 686 P.2d 456 (Utah 1984); *Kearns–Tribune Corp. v. Lewis*, 685 P.2d 515 (Utah 1984); *KUTV, Inc. v. Conder*, 668 P.2d 513 (Utah 1983). These cases examine the scope of the right to access under article I, section 15 of the Utah Constitution. The chief exception to the rule of openness espoused in these cases is the right of the defendant to receive a fair trial before an impartial jury.

This Court has acknowledged, in addition to the exceptions designed to protect defendants' right to a fair trial, that other exceptions exist to the general rule of public access implied by article I, sections 12 and 15:

As indicated in [*State v. Jordan*], the defendant's right to a public trial is not without limitation. His right must be balanced against other interests which may justify the closing of the courtroom. One of those interests is the safety of those who may be present therein.... Exclusion of the public from the courtroom where violence might be expected must be governed by the sound discretion of the trial judge based upon the facts and circumstances confronting him. This discretion, however, should be sparingly exercised and limited to those situations where necessary to further the administration of justice.

*State v. Harding*, 635 P.2d at 36 (citations omitted).

■ In this case, all of defendant's (as well as the victim's) relatives and friends were excluded from the courtroom during complainant's testimony on the mere verbal assertion of the prosecutor that "[the witness] is extremely uptight, very nervous, very frightened.... And I am afraid that she is going to be intimidated by them all [her family and the defendant's family] probably." The court did not examine the witness to attempt to determine her capacity to testify in public, nor did it make any findings regarding the accuracy of the prosecutor's assertions. We do not discount the possibility, even the likelihood, that the 15–year–old witness in this case found the process of testifying in court to be frightening and traumatic; most rape victims of any age do. However, before a basic constitutional right belonging to an accused may be infringed, an adequate factual and procedural predicate for need must be laid. *See State v. Nelson*, 725 P.2d 1353 (Utah 1986). That predicate requires at least that the trial judge receive

evidence demonstrating that the witness's ability to testify or her emotional or physical health will be significantly impaired in the absence of a closure order.[1] The trial court must make specific factual findings on the record regarding the impairment before entering the order, and the order must be no more extensive than is necessary to preserve the witness's health or ability to testify.

■ The closure order entered in this case was not supported by any evidence or findings concerning its necessity, and it was entered over defendant's objection that it violated his right to a public trial. The State's argument that we should examine this closure order for specific prejudice to defendant is contrary to well-established precedent under article I, section 12 of the Utah Constitution:

Conceding, as we must, that the court acted with the best of motives, believing that the trial would proceed without the presence of spectators in a way best calculated to preserve and protect the interests of the general public and without unfairness to the accused, yet it would seem that the court's ruling ... was not altogether in keeping with the spirit of our Constitution, and the fundamental right, to be accorded the criminally accused in all cases, of a public trial. In so far as section 1789 of our statute [the predecessor to § 78-7-4] may conflict with the right to a public trial ..., the statute must give way and the right not be denied.... We cannot conceive of a case ... in which the near relatives and friends of the accused should not be permitted to be in attendance upon the trial for the purpose of seeing that the accused is fairly and justly dealt with by the officers of the court and not improperly condemned.

We do not think it is incumbent upon the defendant to point out wherein he was prejudiced. Having been denied a public trial within the meaning of our

---

1. The level of impairment contemplated here is analogous to that required to find a witness "unavailable," for purposes of admitting the witness's hearsay testimony at trial. *See* Note, "The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations," 98 Harv.L.Rev. 806 (1985).

Constitution, the law presumes that the act of the court was prejudicial.

*State v. Jordan,* 57 Utah at 616–18, 196 P. at 567–68 (citations omitted); *accord State v. Beckstead,* 96 Utah 528, 88 P.2d 461 (1939); *State v. Bonza,* 72 Utah 177, 269 P. 480 (1928).

Other courts are in accord with this rule. *See, e.g., Waller v. Georgia,* 467 U.S. 39, 44–50, 104 S.Ct. 2210, 2214–2217, 81 L.Ed. 2d 31 (1984) (closure of hearing unjustifiable absent an overriding interest likely to be prejudiced); *People v. Morgan,* 152 Ill. App.3d 97, 101–03, 105 Ill.Dec. 303, 307–08, 504 N.E.2d 172, 176–77 (1987) (limited closure with family members present preserves right to a public trial); *People v. Baldwin,* 130 A.D.2d 666, 515 N.Y.S.2d 597, 598–99 (1987), *reaff'g People v. Jones,* 82 A.D.2d 674, 442 N.Y.S.2d 999, 1001–04 (1981) (defendant generally entitled to have friends and family present during criminal proceedings); *State v. Holm,* 67 Wyo. 360, 382–95, 224 P.2d 500, 508–12 (1950) (no reversible error where order of exclusion provided that the defendant's or the complaining witness's families or friends might remain); *Neal v. State,* 86 Okla.Crim. 283, 284–289, 192 P.2d 294, 295–96 (1948) (sweeping exclusion order, excluding the defendant's friends and family, cannot be sustained).

We note that a formal inquiry need not necessarily be undertaken in every case in order to make adequate findings pursuant to this opinion. In cases where a testifying witness demonstrates distress throughout the course of his or her testimony, the trial judge may be in a position to draw factual conclusions from his or her observations of the witness. *See People v. Jones,* 442 N.Y.S.2d at 1003. "It would seem that the evidence of [the witness's] distress, revealed in this manner, was probably more reliable than if the court had simply asked the witness prior to [testifying] whether she was upset and embarrassed." *Id.* We likewise emphasize that properly limited exclusion orders, the need for which is justified by findings on the record, may be used to protect the trial process when clearly necessary. Unfortu-

nately, that necessity appears nowhere in the record in this case.

The judgment of conviction is reversed, and the case is remanded for a new trial.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.