STATE of Utah, Plaintiff and Appellee,

v.

Dale BUTTERFIELD, Defendant and Appellant.

No. 870001.

Supreme Court of Utah.

Dec. 7, 1989.

J. Bruce Savage, Jr., Park City, for defendant and appellant.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for plaintiff and appellee.

ZIMMERMAN, Justice:

Dale Butterfield appeals from his jury conviction of rape, a first degree felony. *See* Utah Code Ann. § 76–5–402 (Supp. 1989). Butterfield claims, *inter alia*, that the trial court erred in granting the State's motion to close his trial to the public, that he did not waive his right to a public trial, and that his counsel rendered ineffective assistance by failing to object to the court's closure order. We affirm.

We recite the facts from the record in the light most favorable to the jury's verdict. *E.g., State v. Verde*, 770 P.2d 116, 117 (Utah 1989). The victim, a friend of Butterfield's daughter, was 14 years old at the time of the crime. She had accompanied Butterfield and his daughter on a weekend trip to Heber, where they stayed at the home of a friend of Butterfield's. While in this home, Butterfield had intercourse with the victim. The girl reported the incident, and Butterfield was charged with rape, a first degree felony, in violation of section 76–5–402 of the Code.[1]

Before Butterfield's trial began, his counsel and the prosecutor met with the trial judge in chambers. During that meeting, the prosecutor said that the State would move to close the courtroom during the proceedings due to the nature of the offense and the tender age of the victim. The trial judge indicated that he would grant such a motion. At trial, after the jury was chosen and in the presence of Butterfield and his counsel, the prosecutor made a motion for closure. The court entered an order barring the public and allowing attendance only by the jury, court personnel, counsel for each party, and Butterfield. In response to a question by Butterfield's attorney, the trial judge stated that if counsel could agree upon any alterations in the scope of the closure order, they should notify the court and the order would be modified accordingly. No objection was made by Butterfield or his attorney to the State's motion to close or to the trial

judge's ruling and order. The court then recessed for lunch.

After the court reconvened and swore in the jurors, the trial judge, unsure as to whether the closure order was in the record, again stated that the public and all witnesses not actually on the stand testifying would be excluded from the proceedings. Again, no objection was raised by Butterfield or his attorney. The courtroom was then cleared of all spectators, including a friend of Butterfield's, for the remainder of the proceedings. No modification of the closure order was requested by either party. At the conclusion of the trial, Butterfield was convicted of rape and sentenced to a term of five years to life.

Butterfield challenges the closure order. He argues that the trial court did not comply with the standards of our recent decision in *State v. Crowley*, 766 P.2d 1069 (Utah 1989), when it entered the order. Specifically, the court did not receive evidence demonstrating that the victim's ability to testify or her emotional or physical health would be significantly impaired in the absence of closure, did not make specific factual findings on the record regarding the victim's impairment before entering the order, and did not limit the scope of the closure to that necessary to preserve the victim's health or ability to testify.

In the absence of a timely objection at trial, a claim of error is deemed waived and is not preserved for appeal. *See, e.g., State v. Whittle*, 780 P.2d 819, 820–21 (Utah 1989); *State v. Dibello*, 780 P.2d 1221, 1227 n. 4 (Utah 1989). Butterfield recognizes this fact, but advances two arguments in an attempt to avoid waiver. He first contends that although his counsel did not object to the closure, we should find that defendant must *personally* waive the right to a public trial. Because Butterfield did not do so, he argues, there was no waiver and we should consider his challenges to the closure order. Second, But-

---

1. Section 76–5–402 of the Code provides:
    (1) A person commits rape when the actor has sexual intercourse with another person, not the actor's spouse, without the victim's consent.

    (2) Rape is a felony of the first degree. Utah Code Ann. § 76–5–402 (Supp.1989).

terfield contends that if counsel can waive the right to a public trial, his attorney's failure to object constituted ineffective assistance. Again, this argument leads to the conclusion that we should consider the merits of his challenge to the closure order.

We first address the waiver issue. The sixth amendment of the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI.[2] The sixth amendment right to a public trial applies to the states through the fourteenth amendment. *Gannett Co. v. DePasquale*, 443 U.S. 368, 379–80, 99 S.Ct. 2898, 2905–06, 61 L.Ed.2d 608 (1979). The Utah Constitution also gives the accused in a criminal prosecution "the right ... to have a speedy and public trial...." Utah Const. art. I, § 12.[3]

It is clear that a defendant may waive his or her right to a public trial under the sixth amendment of the United States Constitution. *Singer v. United States*, 380 U.S. 24, 34–35, 85 S.Ct. 783, 789–90, 13 L.Ed.2d 630 (1965); *Martineau v. Perrin*, 601 F.2d 1196, 1199–1200 (1st Cir.1979); *United States v. Sorrentino*, 175 F.2d 721, 723 (3d Cir.), *cert. denied*, 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532 (1949). However, as far as we can determine, the United States Supreme Court has not addressed the question of whether failure by a defendant and his or her counsel to object to a closure order constitutes waiver of this right under the sixth amendment. And we have not addressed the waiver issue under the Utah Constitution. In the absence of controlling authority, we undertake a review of other decisions on this general issue with a view to determining what appears to be the soundest position.

Various courts have addressed the issue of the effect a failure to object to a closure order has on the defendant's right to a public trial under the sixth amendment and analogous provisions in state constitutions. These courts have taken what can be characterized as three different approaches to resolving this issue. The first finds that the right to a public trial is not waived by a failure to object. *See, e.g., State v. Hensley*, 75 Ohio St. 255, 266, 79 N.E. 462, 462–64 (1906) (construing state constitution); *State v. Marsh*, 126 Wash. 142, 145–47, 217 P. 705, 706 (1923) (construing state constitution). The second approach is that the right is waived by silence only if the failure to object represents an intentional and knowing act by the defendant. *See Martineau v. Perrin*, 601 F.2d 1196 (1st Cir.1979) (construing sixth amendment). The third approach, the apparent majority view, finds that the right is waived by silence. *See, e.g., United States ex rel. Bruno v. Herald*, 408 F.2d 125, 128–29 (2d Cir.) (construing sixth amendment), *cert. denied sub nom. Bruno v. Herald*, 397 U.S. 957, 90 S.Ct. 947, 25 L.Ed.2d 141 (1969); *Geise v. United States*, 265 F.2d 659, 660 (9th Cir.) (construing sixth amend-

**2.** The sixth amendment of the United States Constitution provides in whole:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him [or her]; to have compulsory process for obtaining witnesses in his [or her] favor, and to have the assistance of counsel for his [or her] defense.

U.S. Const. amend VI.

**3.** Article I, section 12 of the Utah Constitution provides in whole:

In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation against him [or her], to have a copy thereof, to testify in his [or her] own behalf, to be confronted by the witnesses against him [or her], to have compulsory process to compel the attendance of witnesses in his [or her] own behalf, to have a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, and the right to appeal in all cases. In no instance shall any accused person, before final judgment, be compelled to advance money or fees to secure the rights herein guaranteed. The accused shall not be compelled to give evidence against him[or her]self; a wife shall not be compelled to testify against her husband, nor husband against his wife, nor shall any person be twice put in jeopardy for the same offense.

Utah Const. art. I, § 12.

ment), *cert. denied,* 361 U.S. 842, 80 S.Ct. 94, 4 L.Ed.2d 80 (1959); *People v. Cash,* 52 Cal.2d 841, 843, 345 P.2d 462, 465 (1959) (construing state constitution).

Waiver is a doctrine of limitation that defines the area in which the state's interest in finality and procedural regularity outweighs the individual's interest in asserting his or her constitutional rights. *See* Wagner, *Wavering Over the Scope of Waiver: The Burger Court and Out-of-Court Waiver of Fourth, Fifth and Sixth Amendment Rights,* 6 J.Crim.Def. 1, 4 (1980) (general discussion of the waiver doctrine in the context of constitutional rights). In each of the above approaches, a judgment is made as to the relative importance of the interests involved. In the first approach, the individual's right is paramount, in the second, some weight is given to the state's interest, and in the third approach, the state's interest is at least equal to the individual's. The base judgment being made is the right's importance. Our determination of the status of the right to a public trial will guide the result here.

It is helpful to compare other rights that have been held to require a personal waiver by the defendant. Among these are the right to trial, which is waived by a plea, *see Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); the right to be present at trial, *see United States v. Gordon,* 829 F.2d 119, 123 (D.C. Cir.1987); the right to trial by jury, *see Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930); and the right to an interpreter at trial, *see People v. Mata Aguilar,* 35 Cal.3d 785, 794–95, 677 P.2d 1198, 1204, 200 Cal.Rptr. 908, 914–15 (1984). A unifying characteristic of these rights appears to be that they are of central importance to the quality of the guilt-determining process and the defendant's ability to participate in that process. *See,* Tigar, *Foreward: Waiver of Constitutional Rights: Disquiet in the Citadel,* 84 Harv.L.Rev. 1, 18 (1970) (appropriate focus is on an "assessment of the significance of a procedural right to the proper defense of an accused").

We judge the right to a public trial to be of a different order. Certainly it is important in assuring that abuses by the state are not permitted to be hidden from public view. Our decision in *Crowley* recognizes the importance of this interest by not requiring a showing of prejudice when a proper objection is made. On the other hand, the absence of the public in a particular case does not necessarily affect qualitatively the guilt-determining process or the defendant's ability to participate in the process. In fact, the difficulty of identifying any resultant prejudice is one of the reasons for the *Crowley* rule. Of course, it is possible that in a particular case the wrongful closure of a trial could have an adverse impact and that counsel would have failed to preserve an objection. However, the mere possibility of such an instance does not seem to warrant the imposition of a requirement of a personal waiver of the right to a public trial in all cases. Such possibilities are better dealt with via an ineffective assistance of counsel claim, as explained below.

As noted, there is no United States Supreme Court case on the question of whether personal waiver is required under the sixth amendment. However, the Court's decision in *Levine v. United States,* 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960), suggests that any of the three approaches would satisfy the federal constitution. In *Levine,* the Court found that while the sixth amendment right to a public trial has no application to criminal contempt proceedings, the due process clause of the fifth amendment does require that the court before which such a proceeding is pending have appropriate regard for the traditional requirement that the public have access to all court proceedings. *Id.* at 616, 80 S.Ct. at 1042. The Court went on to find, however, that whatever right the defendant had had been waived when neither the defendant nor his counsel objected to the closure of the proceedings. *Id.* at 617–20, 80 S.Ct. at 1043–45.

■ We conclude that the third approach—allowing counsel to waive the right to a public trial—is the best of the

three. We hold that the failure of a defendant and his or her counsel to object to a closure order constitutes waiver of the defendant's right to a public trial under both the sixth amendment to the United States Constitution and article I, section 12 of the Utah Constitution.[4]

Butterfield's next claim is that his counsel rendered ineffective assistance by not objecting to the closure order. By making this claim, Butterfield is attempting to avoid the effect of the failure to preserve the issue below by a proper objection. *See State v. Verde,* 770 P.2d 116, 118 (Utah 1989). To successfully assert an ineffective assistance of counsel claim, a defendant must show that (i) counsel's performance was deficient in some demonstrable manner so as to fall below an objective standard of reasonable professional judgment, and (ii) there is a reasonable probability that but for the ineffective assistance, the result in the proceeding would have been more favorable to the defendant. *E.g., Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); *Verde,* 770 P.2d at 124 & n. 15; *State v. Speer,* 750 P.2d 186, 191 (Utah 1988). Because such a claim cannot succeed unless both required showings are made, we need not decide whether counsel's performance was deficient if we first conclude that the trial outcome was not prejudicially affected by the claimed error. *Strickland,* 466 U.S. at 699, 104 S.Ct. at 2070; *Verde,* 770 P.2d at 118–19; *Speer,* 750 P.2d at 191–92.

Butterfield challenges the applicability of the prejudice component of an ineffective assistance of counsel claim to his case. Under our decision in *Crowley,* where an objection to a closure order is made at trial, we presume prejudice from an improper closure and will order a new trial. 766 P.2d at 1071–72. Therefore, it is argued, there is no need for one's claiming ineffective assistance of counsel to demonstrate prejudice when a trial is improperly closed.

There is no merit to this position. The question before us is what the requirements should be for a showing of ineffective assistance of counsel when there is no objection to a closure, not whether prejudice must be shown when a proper objection has been made at trial. We decline to do away with the requirement of a showing of prejudice for an ineffective assistance of counsel claim. Were we to hold otherwise, defense counsel could freely refrain from objecting to an improper closure order and then, if the verdict is adverse, raise the issue on appeal for the first time under the rubric of an ineffective assistance of counsel claim. Absent a prejudice requirement, a retrial would be automatic. We decline to adopt a rule that would encourage such manipulation. *See State v. Bullock,* 699 P.2d 753, 756 (Utah 1985).

Returning to the present case, Butterfield has not even attempted to claim that the closure had any effect on the outcome, much less that there was a reasonable likelihood of a more favorable result if closure had not been ordered. *See generally State v. Knight,* 734 P.2d 913, 919–20 (Utah 1987) (discussion of reasonable likelihood standard). Because Butterfield has shown no prejudice from the arguably erroneous closing, we reject his ineffective assistance of counsel claim.

Butterfield's remaining arguments have been considered and are found to be without merit. The conviction is affirmed.

HALL, C.J., HOWE, Associate C.J., DURHAM, J., and GREENWOOD, Court of Appeals Judge, concur.

STEWART, J., does not participate herein; GREENWOOD, Court of Appeals Judge, sat.

---

**4.** In so holding, we are not merely applying the federal rule to the state constitution. Rather, we have concluded that the approach adopted is the better one and apply it to both because of the absence of controlling federal law. If federal law is authoritatively decided to the contrary, that will not change our view of the waiver law applicable to article I, section 12 of the Utah Constitution.