NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11494

COMMONWEALTH vs. EDMUND D. LaCHANCE, JR.

Middlesex.     April 7, 2014. - October 21, 2014.

Present: Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.


Constitutional Law, Public trial, Jury, Waiver of constitutional rights, Assistance of counsel. Practice, Criminal, Public trial, Empanelment of jury, Waiver, Assistance of counsel. Jury and Jurors. Waiver.


Indictments found and returned in the Superior Court Department on December 16, 1999.

Following review by the Appeals Court, 58 Mass. 1111 (2003), a motion for a new trial was considered by Raymond J. Brassard, J.

The Supreme Judicial Court granted an application for direct appellate review.


Alba Doto Baccari for the defendant.
Michael A. Kaneb, Assistant District Attorney, for the Commonwealth.
Richard C. Felton, pro se, amicus curiae, submitted a brief.


CORDY, J.  This court is again faced with a defendant's postconviction claim of ineffective assistance of counsel

predicated on the failure of trial counsel to object to a court room closure during jury empanelment. See Commonwealth v. Alebord, 467 Mass. 106, 111-114, cert. denied, 134 S. Ct. 2830 (2014); Commonwealth v. Morganti, 467 Mass. 96, 100-105 (2014). This time we are required to address a question not previously reached, that is, whether prejudice from the deficiency of trial counsel in this respect must be affirmatively established as part of the claim or is to be presumed because of the structural nature of the underlying public trial right that trial counsel failed to raise.

1. Background. On April 20, 2001, a Superior Court jury convicted the defendant of aggravated rape, kidnapping, indecent assault and battery, and assault by means of a dangerous weapon. The defendant -- represented by new counsel -- filed a timely notice of appeal, and on August 5, 2003, a panel of the Appeals Court affirmed his conviction in an unpublished decision pursuant to that court's rule 1:28. Commonwealth v. LaChance, 58 Mass. App. Ct. 1111 (2003), cert. denied, 540 U.S. 1202 (2004). The defendant filed two motions for a new trial in 2003 and 2004, which were denied by the trial judge in a single order on April 15, 2004. The defendant again timely filed a notice of appeal, and a panel of the Appeals Court affirmed the judge's

denial of his two motions for a new trial on May 10, 2005. Commonwealth v. LaChance, 63 Mass. App. Ct. 1114 (2005).[1]

In September, 2011, represented by new appellate counsel, the defendant filed his third postaffirmance motion for a new trial, raising, for the first time, a claim that his right to a public trial pursuant to the Sixth Amendment to the United States Constitution was violated when his family members were excluded from the court room during jury empanelment, and that trial counsel was ineffective for failing to object to the closure. In support of his motion, the defendant presented his own affidavit and affidavits from his mother, his uncle, and his trial and former appellate attorneys. In her affidavit, the defendant's mother stated that she, her late husband, and her brother were in attendance in the Middlesex County Superior Court on April 10, 2001, the date of jury selection. At approximately 9:15 A.M., a court officer informed them that they would have to leave the court room. They left the court room, and waited in the lobby. According to the affidavits of the defendant's mother and uncle, the family members attempted to

---

[1] The defendant also filed two motions to revise and revoke his sentence, which were denied by the trial judge and affirmed by a panel of the Appeals Court in an unpublished decision pursuant to that court's rule 1:28. Commonwealth v. LaChance, 63 Mass. App. Ct. 1108 (2005).

reenter the court room at approximately 1 P.M. but were prevented from doing so by a court officer.

Trial counsel averred that he believed that the court room was closed during jury empanelment, as was the practice in the Middlesex County Superior Court at the time, and that he did not object to the alleged closure. Trial counsel further averred that he did not discuss the matter with the defendant and was not aware at the time of the trial that the Sixth Amendment right to a public trial extended to jury empanelment. The defendant's former appellate counsel averred that he had no tactical or strategic reason not to raise the issue of court room closure in any of the defendant's appeals or prior motions for a new trial, noting that it did not occur to him that closure was an issue in the case.

The motion judge, who was also the trial judge, denied the defendant's third motion for a new trial without a hearing, reasoning that because the defendant had not objected to any closure during jury empanelment, he had waived his public trial claim. The judge further determined that removal of the defendant's family from the court room during jury empanelment did not create a substantial risk of a miscarriage of justice entitling the defendant to a new trial.

On April 4, 2013, following the release of our decisions in Commonwealth v. Lavoie, 464 Mass. 83, cert. denied, 133 S. Ct.

2356 (2013), and Commonwealth v. Hardy, 464 Mass. 660, cert. denied, 134 S. Ct. 248 (2013), the defendant sought reconsideration of the denial of his motion for a new trial, arguing that prejudice under the second prong of the standard regarding ineffective assistance of counsel set forth in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), must be presumed due to the structural nature of the right to a public trial.  In denying the defendant's motion, the judge assumed both that a closure during jury empanelment had occurred and that trial counsel's performance in failing to object to the closure fell below that of an ordinary fallible lawyer. However, the judge rejected the defendant's argument that prejudice must be presumed because of the structural nature of the underlying public trial right.  Accordingly, the judge denied the motion, determining both that the defendant was unable to show prejudice resulting from the court room closure and that there was no substantial risk of a miscarriage of justice.

2.  Discussion.  We conclude that where the defendant has procedurally waived his Sixth Amendment public trial claim by not raising it at trial, and later raises the claim as one of ineffective assistance of counsel in a collateral attack on his conviction, the defendant is required to show prejudice from counsel's inadequate performance (that is, a substantial risk of

a miscarriage of justice) and the presumption of prejudice that would otherwise apply to a preserved claim of structural error does not apply. See Purvis v. Crosby, 451 F.3d 734, 740-743 (11th Cir.), cert. denied sub nom. Purvis v. McDonough, 549 U.S. 1035 (2006); Virgil v. Dretke, 446 F.3d 598, 612 (5th Cir. 2006); Reid v. State, 690 S.E.2d 177, 180-181 (Ga. 2010); People v. Vaughn, 821 N.W.2d 288, 297-299 (Mich. 2012) (all concluding that structural error alone is not sufficient to warrant presumption of prejudice in context of claim of ineffective assistance of counsel).

a. Right to a public trial. It is well settled that the violation of a defendant's right to a public trial is structural error. See United States v. Marcus, 560 U.S. 258, 263 (2010); Commonwealth v. Cohen (No. 1), 456 Mass. 94, 105 (2010). Where a defendant raises a properly preserved claim of structural error, this court will presume prejudice and reversal is automatic. See Cohen (No. 1), supra at 118-119 (properly preserved claim where counsel objected to court room closure at trial).

Where counsel fails to lodge a timely objection to the closure of the court room, the defendant's claim of error is deemed to be procedurally waived. See Morganti, 467 Mass. at 102; Lavoie, 464 Mass. at 87-88 & n.8. Our case law provides that unpreserved claims of error be reviewed to determine if a

substantial risk of a miscarriage of justice occurred.  See

Lavoie, 464 Mass. at 89, citing Commonwealth v. Freeman, 352

Mass. 556, 564 (1967).  While violation of the right to a public

trial is structural error, even structural error "is subject to

the doctrine of waiver."  Morganti, supra at 101-102, quoting

Cohen (No. 1), supra at 105-106.  See Commonwealth v. Amirault,

424 Mass. 618, 641 (1997) (stating doctrine of waiver applies

equally to constitutional claims).  This includes structural

error arising through an improper court room closure.  See

Alebord, 467 Mass. at 113; Morganti, supra at 101-102.

To presume prejudice in this context would ignore the

distinction, one long recognized by this court, between properly

preserved and waived claims.  See Commonwealth v. Dyer, 460

Mass. 728, 735-737 & n.7 (2011), cert. denied, 132 S. Ct. 2693

(2012) (applying waiver analysis in first-degree murder case to

unobjected to closure during jury voir dire and finding

substantial likelihood of miscarriage of justice not shown);

Commonwealth v. Horton, 434 Mass. 823, 832 (2001) (applying

waiver analysis, in effect, to unpreserved claim of Sixth

Amendment right to public trial).  The structural nature of the

underlying error does not automatically excuse the defendant

from showing prejudice when advancing an unpreserved claim.  See

Francis v. Henderson, 425 U.S. 536, 542 (1976) (holding that

showing of actual prejudice necessary to overcome procedural

waiver arising from failure to object to structural error at trial). "The presumption of prejudice which supports the existence of the right is not inconsistent with a holding that actual prejudice must be shown in order to obtain relief from a statutorily provided waiver for failure to assert it in a timely manner." Davis v. United States, 411 U.S. 233, 245 (1973) (presumption of prejudice associated with claim of racial discrimination in grand jury composition not available when claim first raised in postconviction motion). "To conclude otherwise would tear the fabric of our well-established waiver jurisprudence that 'a defendant must raise a claim of error at the first available opportunity,'" Morganti, 467 Mass. at 102, quoting Commonwealth v. Randolph, 438 Mass. 290, 294 (2002), and would defeat the core purposes of the waiver doctrine: to protect society's interest in the finality of its judicial decisions, and to promote judicial efficiency. Randolph, supra.

b. Right to effective assistance of counsel. If an error is waived due to the failure of trial counsel to object, we still may have occasion to review the error in the postconviction context of a claim of ineffective assistance of counsel. See Alebord, 467 Mass. at 113; Morganti, 467 Mass. at 103. To prevail on a claim of ineffective assistance of counsel, however, a defendant also must show that counsel's deficiency resulted in prejudice, see Saferian, 366 Mass. at 96,

which, in the circumstances of counsel's failure to object to an error at trial, is essentially the same as the substantial risk standard we apply to unpreserved errors. See Commonwealth v. Azar, 435 Mass. 675, 686-687 (2002).

Because of the structural nature of the defendant's waived Sixth Amendment right to a public trial, the dissent would presume prejudice, even in the context of a collateral attack based on a claim of a counsel's ineffectiveness. But a claim of ineffective assistance of counsel is not a public trial claim. As discussed above, the defendant's public trial claim has been procedurally waived. Presuming prejudice in this context ignores the distinct and well-established jurisprudence which governs claims of ineffective assistance of counsel.[2]

With respect to claims of ineffective assistance of counsel, in violation of the Sixth Amendment, the United States Supreme Court has recognized a presumption of prejudice only in limited circumstances where the essential right to the assistance of counsel itself has been denied. See Strickland v. Washington, 466 U.S. 668, 692 (1984) ("Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice," as is "state interference with

---

[2] Indeed, it would be anomalous if a waived claim reviewed on direct appeal under a substantial risk standard could be recast as a claim of ineffective assistance of counsel in which prejudice would be presumed.

counsel's assistance"); United States v. Cronic, 466 U.S. 648, 659 & n.25 (1984). In Strickland, supra at 692, the United States Supreme Court went on to identify one additional circumstance where "a similar, though more limited, presumption of prejudice" would apply: where "counsel is burdened by an actual conflict of interest." "Even so, the rule is not quite the per se rule of prejudice that exists for the Sixth Amendment claims mentioned above [denial altogether and State interference with counsel]. Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected [the] lawyer's performance.'" Strickland, supra, quoting Cuyler v. Sullivan, 446 U.S. 335, 348, 350 (1980).

In contrast, in circumstances where ineffectiveness is based on "[a]n error by counsel, even if professionally unreasonable, [it will] not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, supra at 691. "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance to justify reliance on the outcome of the proceeding." Id. at 691-692. While a jury empanelment closed to spectators (other than jurors) and the defendant's family may be a structural error, it will rarely have an "effect on the

judgment," or undermine our "reliance on the outcome of the proceeding."  Id. at 691, 692.

In Owens v. United States, 483 F.3d 48, 64 (1st Cir. 2007), the United States Court of Appeals for the First Circuit presumed prejudice where a defendant advanced a claim of ineffective assistance of counsel based on counsel's failure to object to a public trial structural error.  The court reasoned that it would "not ask defendants to do what the Supreme Court has said is impossible."  Id. at 65.[3]  However, to say that requiring a showing of prejudice forecloses the possibility of a remedy "ignore[s] -- at great cost to the public interest in the finality of verdicts -- the established rule that public trial rights may be waived," Dyer, 460 Mass. at 735 n.7, and that claims of ineffective assistance of counsel merit a new trial only where the error may have affected the verdict.  See Strickland, 466 U.S. at 691.  We do not agree with the reasoning of Owens in this context, and are more aligned with that of the United States Court of Appeals for the Eleventh Circuit in Purvis v. Crosby, 451 F.3d at 740-741, which has concluded that aside from the three exceptions noted in Strickland and Cronic,

---

[3] Although it may be difficult to demonstrate prejudice in the context of a closed jury empanelment process, we do not rule out that possibility, although we recognize that the possibility is greater with respect to trial closures after jury empanelment.

none of which is present here, the United States Supreme Court has instructed that prejudice must be shown in a claim for ineffective assistance of counsel.  See People v. Vaughn, 821 N.W.2d at 308 (rejecting reasoning of Owens and adopting reasoning of Purvis, further nothing that, "[w]ithout distinguishing a properly preserved structural error for which reversal is required from an error claimed as ineffective assistance of counsel, counsel can harbor error as an appellate parachute by failing to object to the closure of trial, thereby depriving the trial court of the opportunity to correct the error at the time it occurs").

3.  Conclusion.  For the above reasons, the order denying the defendant's motion for a new trial is affirmed.

So ordered.

DUFFLY, J. (dissenting, with whom Lenk, J., joins). It is, as the court notes, "well settled that the violation of a defendant's right to a public trial is structural," and that the public trial right under the Sixth Amendment to the United States Constitution applies as much to jury empanelment as to "the actual proof at trial." Presley v. Georgia, 558 U.S. 209, 212 (2010). Today's decision effectively forecloses vindication of this constitutional right on collateral review, even in cases where trial counsel has rendered constitutionally deficient performance in failing to object when the court room was closed, and neither the defendant nor his counsel knowingly waived his right to a public trial.[1] See Commonwealth v. Lavoie, 464 Mass. 83, 88-89, cert. denied, 133 S. Ct. 2356 (2013). Notwithstanding the absence of a waiver of the public trial right in this case, the court holds that the defendant is foreclosed from seeking relief because he procedurally waived his claim of error when his trial attorney failed to object, and his appellate counsel did not raise the claim on direct appeal. See id. at 87 n.8 (distinguishing between waiver of right and

_____

[1] When a court room is closed but a defendant has waived his right to a public trial, there is no violation of the right. See Commonwealth v. Amirault, 424 Mass. 618, 649-650 (1997). The waiver of a right occurs only where a litigant intentionally relinquishes that right. See Commonwealth v. Lavoie, 464 Mass. 83, 87, n.8, cert. denied, 133 S. Ct. 2356 (2013); Commonwealth v. Deeran, 397 Mass. 136, 140-142 (1986); Commonwealth v. Downey, 78 Mass. App. Ct. 224, 229-230 (2010).

waiver of claim of error); Commonwealth v. Deeran, 397 Mass. 136, 140-142 (1986) (noting distinction between "a procedural waiver of [defendant's] right to assert a constitutional claim" in postconviction motion, and the knowing and intelligent "relinquishment of the constitutional right" [emphasis in original]).

As the court notes, the defendant did not raise the claim that his public trial right was violated until his third postconviction motion. The court recognizes that counsel's failure to object was constitutionally deficient performance, but nonetheless affirms the denial of the defendant's claim of structural error by invoking concepts of finality and judicial efficiency to support what it describes to be "our well-established waiver jurisprudence that 'a defendant must raise a claim of error at the first available opportunity.'" Commonwealth v. Morganti, 467 Mass. 96, 102 (2014), quoting Commonwealth v. Randolph, 438 Mass. 290, 294 (2002). I respectfully disagree that the principles of finality and judicial efficiency must be invoked. Where, as here, the court room was closed without a determination that such closure was justified according to Waller v. Georgia, 467 U.S. 39, 46 (1984) (Waller), a defendant has not waived his constitutional right to a public trial, and defense counsel provided ineffective

assistance by failing to object,[2] I would invoke the principle that "every right, when withheld, must have a remedy." Marbury v. Madison, 5 U.S. (1 Cranch) 137, 163 (1803).

Under the court's analysis, henceforth, in any case in which trial counsel fails to object to a court room closure, either because of a lack of experience or knowledge, or other "serious incompetency, inefficiency, or inattention," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), a defendant will have no meaningful opportunity to raise such a claim on collateral review.[3] This is necessarily so because, in order to obtain relief, a defendant would need to show either (1) that his procedurally waived claim of error resulted in a substantial risk of a miscarriage of justice, which requires a showing of

---

[2] There is no suggestion that either the defendant or his counsel intended to relinquish the public trial right because both the defendant and his counsel were unaware that the public trial right applied during jury empanelment. In such circumstances, where it is not consistent with the prevailing professional norms at the time of trial, the failure to object may constitute deficient performance falling below what is to be expected of an ordinary fallible lawyer. See Commonwealth v. Morganti, 467 Mass. 96, 103 (2014), quoting Commonwealth v. Drew, 447 Mass. 635, 641 (2006), cert. denied, 550 U.S. 943 (2007).

[3] The court's decision to foreclose relief for unpreserved claims of error regarding the public trial right is limited to the context of collateral review in which this case arises. The decision rests on an interest in promoting finality, an interest which arises only after a conviction has been affirmed on direct appeal, see Commonwealth v. Amirault, 424 Mass. 618, 637 (1997), and does not address the question of possible remedies on direct appeal.

prejudice, see Commonwealth v. Randolph, 438 Mass. 290, 298 (2002), or (2) that his counsel's representation was constitutionally ineffective, which also requires a showing of prejudice.[4] But the very nature of a right to which presumptive prejudice attaches -- such as the right to an open court -- is

_____

[4] In circumstances such as those present here, the standard of review for ineffective assistance claims is not "essentially the same" as the standard of review for claims of unpreserved trial error. Compare Commonwealth v. Saferian, 366 Mass. 89, 96 (1974) (new trial where counsel's deficient performance deprives defendant of otherwise available substantial ground of defense), with Commonwealth v. Amirault, supra at 646 (new trial where waived claim of error results in substantial risk of miscarriage of justice). In most circumstances, however, because application of either standard will lead to the same result, we review under the substantial risk of a miscarriage of justice standard and, in so doing, obviate the need to conduct a separate review under the Saferian standard. See, e.g., Commonwealth v. Azar, 435 Mass. 675, 686-687 (2002); Commonwealth v. Peters, 429 Mass. 22, 31 & n.12 (1999); Commonwealth v. Curtis, 417 Mass. 619, 624 n.4 (1994).

Here, by contrast, the circumstances are precisely those in which the substantial risk standard and the Saferian standard diverge. I agree that where a defendant raises a waived claim of error regarding the public trial right without asserting a claim of ineffective assistance of counsel, the defendant must establish a substantial risk of a miscarriage of justice, and will not be entitled to a presumption of prejudice. But I would hold that a defendant is entitled to a presumption of prejudice where a defendant raises an ineffective assistance of counsel claim and has established that, in failing to object to a court room closure, counsel's performance fell below that of an ordinary, fallible attorney. The distinction between preserved and waived claims of error is therefore maintained: a defendant who has preserved a claim that his public trial right was violated is entitled to reversal, whereas a defendant who has waived the claim of error is not entitled to reversal unless he establishes that, in failing to object, his trial counsel's performance fell below the standard of an ordinary, fallible lawyer.

that a showing of prejudice is not possible. See Waller, supra at 49 n.9, quoting United States ex rel. Bennett v. Rundle, 419 F.2d 599, 608 (3d Cir. 1969) ("a requirement that prejudice be shown would 'in most cases deprive [the defendant] of the [public-trial] guarantee, for it would be difficult to envisage a case in which he would have evidence available of specific injury'"). It is nonsensical to impose upon a defendant the requirement to establish that trial counsel's failure deprived him of an otherwise available substantial line of defense where the structural nature of the public trial right makes such a showing impossible in practice.[5]

Requiring that prejudice be shown in these circumstances disregards the fundamental purpose of the right to a public trial. The violation of the public trial right is structural error that "require[s] automatic reversal without a showing of

---

[5] The court states that it does not rule out the possibility that a defendant could show prejudice resulting from violation of the right to a public trial, ante at   n.3, but a showing of prejudice is inconsistent with classification of the public trial right as structural. Moreover, the court does not suggest how a defendant might show such prejudice, and the effect of its holding is that there will be no "occasion to review" unpreserved claims of error predicated on the public trial right on collateral review. No other court to have considered this issue appears to have suggested that a showing of prejudice resulting from a court room closure would be possible. See, e.g., Purvis v. Crosby, 451 F.3d 734, 741 (11th Cir.), cert. denied sub nom. Purvis v. McDonough, 549 U.S. 1035 (2006); Reid v. State, 286 Ga. 484, 488 (2010); People v. Vaughn, 491 Mich. 642 (2012); State v. Butterfield, 784 P.2d 153, 157 (Utah 1989).

actual harm," because it "necessarily render[s] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence."  Commonwealth v. Petetabella, 459 Mass. 177, 183 (2011), quoting Commonwealth v. Hampton, 457 Mass. 152, 163 (2010).  See Commonwealth v. Cohen, 456 Mass. 94, 118-119 (2010) (where jury selection procedure violated public trial right, error was structural and therefore no inquiry conducted "as to whether it prejudiced the defendant"); Commonwealth v. Marshall, 356 Mass. 432, 435 (1969) (reversing conviction based on violation of right to public trial, and holding "showing of prejudice is not necessary").  This is because the benefits of a public trial, while significant, are nonetheless "frequently intangible, difficult to prove, or a matter of chance, [but] the Framers plainly thought them nonetheless real."  Waller, supra at 49 n.9.  See Commonwealth v. White, 85 Mass. App. Ct. 491, 496 (2014) ("A closure during jury selection undermines the values of openness because the public loses the opportunity for assurance that those chosen to decide the defendant's guilt or innocence will do so fairly"); Commonwealth v. Downey, 78 Mass. App. Ct. 224, 229 (2010) ("Because we place such value on the right to public trial and because it is virtually impossible to demonstrate concrete harm flowing from a violation of that right, a violation relieves the defendant of the need to show prejudice in order to obtain a new trial").

As structural error, the violation of the right to a public trial is in a category distinct from trial errors, such as the improper admission of evidence, from which specific harm may be seen to flow.  Structural errors stand apart from trial errors because structural errors "affect[] the framework within which the trial proceeds" and thereby "defy analysis by 'harmless-error' standards," whereas trial errors "occur during the presentation of the case to the jury," and "may therefore be quantitatively assessed in the context of other evidence presented."  Arizona v. Fulminante, 499 U.S. 279, 291, 307-308, 309-310 (1991).  Because a structural defect affects the framework in which a trial proceeds, looking for prejudice flowing from structural error is "a speculative inquiry into what might have occurred in an alternate universe."  United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006).  See State v. Lamere, 327 Mont. 115, 124 (2005) (structural defects are presumptively prejudicial because they "cannot be qualitatively or quantitatively weighed against the admissible evidence introduced at trial").

The majority decision diminishes the significance of the public trial right when it concludes that finality trumps a defendant's right to seek a postaffirmance remedy for an unpreserved public trial claim, a conclusion we have not reached for other unpreserved claims of error.  Notably, we have granted

a new trial on collateral review without requiring a showing of prejudice, twenty years after the conviction, where a defendant raised an unpreserved claim of error implicating a structural defect in jury instructions.  See Commonwealth v. Pinckney, 419 Mass. 341, 342, 349 (1995).[6]  And, although a defendant who raises an unpreserved claim of error implicating his public trial right is now effectively foreclosed from collateral review, a defendant who raises an unpreserved trial error retains the possibility of reversal if he can show that the error resulted in a substantial risk of a miscarriage of justice.  See, e.g., Commonwealth v. Gilbert, 447 Mass. 161, 163 (2006); Commonwealth v. Thomas, 401 Mass. 109, 119 (1987); Commonwealth v. Callahan, 380 Mass. 821, 826 (1980); Commonwealth v. Palmarin, 378 Mass. 474, 477 (1979).  Permitting relief for unpreserved trial errors and some unpreserved

---

[6] In the context of direct appeal, we have reversed convictions on the basis of unpreserved claims of error where we have recognized that a showing of prejudice would be impossible. See Commonwealth v. Sheehy, 412 Mass. 235, 238 (1992); Commonwealth v. Jones, 405 Mass. 661, 662 (1989); Commonwealth v. Smith, 403 Mass. 489, 493, 496-497 (1988).  Although the error in these cases -- alternate jurors sitting in on jury deliberations, without objection by trial counsel -- was not labeled as "structural," our decision in Commonwealth v. Smith, supra, preceded Arizona v. Fulminante, 499 U.S. 279, 291, 307-308, 309-310 (1991), apparently the first United States Supreme Court case to have categorized and labeled as "structural" those errors which "defy harmless-error analysis."  See Burns, Insurmountable Obstacles:  Structural Errors, Procedural Default, and Ineffective Assistance, 64 Stan. L. Rev. 727, 732 (2012).

structural errors, but not for errors implicating the public trial right, introduces unjustified disparity into our jurisprudence.  See Commonwealth v. Dyer, 460 Mass. 728, 735 n.7 (2011), cert. denied, 132 S. Ct. 2693 (2012) (rejecting option that "would give less protection to waived constitutional rights than to ordinary claims of unpreserved errors").  Cf. Burns, Insurmountable Obstacles:  Structural Errors, Procedural Default, and Ineffective Assistance, 64 Stan. L. Rev. 727, 749-750 (2012) (allowing relief for unpreserved trial errors but foreclosing relief for unpreserved structural errors "would be absurd if the Court were to come right out and say that this is the rule, given the general agreement . . . that most structural errors are quite serious").

The court looks to Francis v. Henderson, 425 U.S. 536, 542 (1976)[7], and Purvis v. Crosby, 451 F.3d 734, 743 (11th Cir.),

_____

[7] The court relies on Francis v. Henderson, 425 U.S. 536, 542 (1976) (Francis), to support its statement that "[t]he structural nature of the underlying error does not automatically excuse the defendant from showing prejudice when advancing an unpreserved claim."  In Francis, supra at 537-538, 542, the United States Supreme Court considered a State prisoner's petition for Federal habeas corpus relief based on a claim of error for which prejudice was presumed; the Court denied relief because the State court had deemed the claim waived pursuant to its own procedural rules.  The claim did not concern the public trial right, but, rather, concerned racial bias in the composition of the grand jury.  The Francis opinion does not discuss the possibility of ineffective assistance of counsel (indeed the opinion predated Strickland v. Washington, 466 U.S. 668 [1984]), nor did it grapple with the issue that for certain types of error, it will be impossible for a defendant to show

cert. denied sub nom. <u>Purvis</u> v. <u>McDonough</u>, 549 U.S. 1035 (2006), for support, but these cases rely on comity concerns in the context of conducting Federal habeas review of a State conviction.[8]  Concerns of comity are wholly inapplicable here.[9]

---

prejudice.  See <u>Francis</u>, <u>supra</u> at 552 (Brennan, J., dissenting) (<u>Francis</u> Court's imposition of requirement to show actual prejudice "without the slightest veneer of reasoning" shields the obvious); <u>Owens</u> v. <u>United States</u>, 483 F.3d 48, 64 n.14 (1st Cir. 2007) (explaining limited persuasive value of <u>Francis</u>).

[8] The court also cites <u>Virgil</u> v. <u>Dretke</u>, 446 F.3d 598 (5th Cir. 2006), which likewise arose in the context of Federal habeas review of a State conviction.  I disagree with the court's view that the United States Court of Appeals for the Fifth Circuit concluded in that case that structural error is insufficient to warrant a presumption of prejudice in the context of an ineffective assistance of counsel claim.  The circuit court determined that trial counsel rendered deficient performance in failing to object to the seating of two jurors who stated they would not be fair and impartial, and that the seating of such jurors sufficed to establish prejudice under the <u>Strickland</u> standard.  <u>Id</u>. at 613-614.  Having determined that counsel's errors resulted in prejudice, the circuit court did not conduct a determinative analysis as to whether prejudice may be presumed for a claim of ineffective assistance of counsel predicated on structural error.  The circuit court simply stated, "we <u>do not hold</u> that a structural error alone is sufficient to warrant a presumption of prejudice in the ineffective assistance of counsel context" (emphasis added). <u>Id</u>. at 607.

[9] Even where comity concerns are applicable, some circuit courts of the United States Court of Appeals have presumed prejudice on a claim of ineffective assistance of counsel predicated on counsel's failure to raise structural error at trial.  See <u>Winston</u> v. <u>Boatwright</u>, 649 F.3d 618, 632 (7th Cir. 2011), cert. denied sub nom. <u>Winston</u> v. <u>Tegels</u>, 132 S. Ct. 2101 (2012) (prejudice presumed for ineffective assistance of counsel claim predicated on failure to object to structural error in jury selection); <u>McGurk</u> v. <u>Stenberg</u>, 163 F.3d 470, 474 (8th Cir. 1998) (presuming prejudice for ineffective assistance claim

See Commonwealth v. Sylvain, 466 Mass. 422, 433 n.16 (2013) ("Comity refers to the [United States] Supreme Court's policy against excessive interference by Federal habeas courts in State criminal convictions that had become final," and has "little application to collateral review by State courts themselves"). Where comity concerns are inapplicable, this court, the United States Court of Appeals for the First Circuit, and some courts in other jurisdictions have not required a showing of prejudice to reverse a conviction on collateral review based on an unpreserved claim of structural error.  See Owens v. United States, 483 F.3d 48, 64 (1st Cir. 2007); Littlejohn v. United States, 73 A.3d 1034, 1043 (D.C. 2013);[10] Commonwealth v. Pinckney, supra at 342, 349.

I agree with the analysis in Owens v. United States, supra; Johnson v. Sherry, 586 F.3d 439, 447 (6th Cir. 2009), cert. denied, 131 S. Ct. 87 (2010); and Littlejohn v. United States,

---

predicated on failure to inform defendant of right to jury trial).

[10] With respect to consideration of other structural errors where comity concerns were inapplicable, courts have presumed prejudice on a claim of ineffective assistance of counsel predicated on counsel's failure to raise such error at trial. See Savoy v. State, 420 Md. 232, 255-256 (2011) (prejudice presumed for structural error in instructions concerning reasonable doubt where defendant did not object at trial); State v. Lamere, 327 Mont. 115, 125 (2005) (prejudice presumed for ineffective assistance claim predicated on structural error in jury selection).

73 A.3d at 1043. Each of these cases rejects the proposition that Strickland requires that a defendant must establish prejudice in order to prevail on an ineffective assistance claim in all but the three circumstances listed in Strickland. As the Court of Appeals for the District of Columbia stated in Littlejohn v. United States, supra at 1043:

> "The Supreme Court's discussion of three instances in which the violation of the Sixth Amendment right to counsel is presumptively prejudicial —- (1) actual or constructive denial of counsel; (2) state interference with counsel's assistance; and (3) counsel operating under a conflict of interest, Strickland, [supra at 692] -- is not necessarily an exclusive list of the rare occasions when prejudice may be presumed. Requiring [a defendant] to prove actual prejudice as a result of trial counsel's waiver of his public trial right would be inconsistent with the [United States] Supreme Court's holdings that prejudice is presumed when the constitutional error is a structural defect, one that 'infect[s] the entire trial process.' Brecht v. Abrahamson, [507 U.S. 619, 630 (1993)]; see also Gonzalez-Lopez, [548 U.S. at 148-149]; Sullivan [v. Louisiana, 508 U.S. 275, 281 (1993)]; Arizona v. Fulminante, [499 U.S. at 309-310]. If it is impossible to identify the prejudice resulting from a structural defect, it is likewise impossible to determine whether counsel's waiver of such a 'basic protection,' like the public trial guarantee, 'had no effect on the judgment.' Strickland, [supra at 691]." (Footnote omitted.)

The court also cites with approval a concern articulated by another State appellate court that "counsel can harbor error as an appellate parachute by failing to object to the closure of trial, thereby depriving the trial court of the opportunity to correct the error at the time it occurs." People v. Vaughn, 821

N.W. 2d 288, 308 (Mich. 2012). I do not accept the court's assumption that a defendant's trial counsel, who was aware of the removal of the defendant's family members from the court room, would engage in conduct that fails to respect the duty of zealous representation owed to a client. See Mass. R. Prof. C. 1.3 & comment 1A, 426 Mass. 1313 (1998). Cf. Littlejohn v. United States, supra at 1046 & n.2 (Pryor, J., dissenting), citing D.C. R. Prof. C. 1.3 comment 1 (2007). The court's view rests on the assumption that appellate counsel could establish that trial counsel's failure to object was not a tactical decision. Cf. Davis v. United States, 411 U.S. 233, 250 (1973) (Marshall, J., dissenting) ("a prisoner would properly be held to have intentionally relinquished his right to raise the constitutional claim if he failed to raise it for tactical reasons").

For the foregoing reasons, I would conclude that prejudice should be presumed where there is a claim of ineffective assistance of counsel predicated on counsel's failure to object to a court room closure, and respectfully dissent.